## McCLURE vs. LAY.

[ACTION FOR PURCHASE-MONEY OF HORSE.]

1. *Jurisdiction of circuit court as to amount.*—In a civil action, commenced in the circuit court, and founded on a moneyed demand, if the plaintiff recovers only fifty dollars or less, and the amount of his recovery is not reduced by a set-off successfully made, the court should dismiss the suit on motion, (Code, § 2365,) unless the statutory affidavit is made.

2. *Judgment reversed and rendered.*—Where the circuit court erroneously renders judgment for an amount less than its constitutional jurisdiction, the appellate court, in reversing such judgment, will itself render the judgment which the circuit court ought to have rendered.

APPEAL from the Circuit Court of Sumter.
Tried before the Hon. C. W. RAPIER.

THIS action was commenced in April, 1855, and was brought to recover $80, the alleged price of a horse sold by plaintiff to defendant.   It was proved, on the trial,

McClure v. Lay.

that the defendant gave a note on one Richardson, for about $80, and a watch, for the horse; that the said note was valueless at the time, Richardson being utterly insolvent, and was endorsed by the defendant without recourse; and there was evidence tending to show that the defendant practiced a fraud on the plaintiff, in inducing him to take the note. The note was tendered back to the defendant, but there was no proof that the watch had ever been tendered back. The value of the horse was variously estimated by the different witnesses at from $75 to $100, and the watch at from $10 to $30. The jury returned a verdict for plaintiff, for $50; and the court thereupon rendered judgment for him for that amount. On a subsequent day of the term, the defendant moved the court to set aside this judgment, and to dismiss the suit, "on the ground that the recovery was for only $50, and there had been no set-off reducing the demand, and no affidavit made that a greater amount was due, and that the plaintiff was prevented from recovering the true amount by failure of proof, the interposition of the statute of limitions, or other sufficient cause." It appeared, as the bill of exceptions states, that no such affidavit had been made; but the court nevertheless overruled the motion, and the defendant excepted.

JAS. D. WEBB, and R. F. INGE, for appellant.

STONE, J.—This suit was commenced since the Code went into operation, and is governed by its provisions. There is a substantial difference between the act of 1807, (Clay's Digest, 325, § 75,) and section 2365 of the Code. Under the former statute, this cour truled, in Cummings v. Edmundson, that "the question whether a plaintiff, in instituting suit in the circuit court for a larger sum than fifty dollars, and recovering less than that sum, has designed to evade the latter part of the act of 1807, is one of discretion in the court trying the cause, and which cannot be reviewed in this court."—5 Port. 145. Our subsequent decisions on that statute have uniformly and rightly held the same language.—See them collected on the brief of

counsel. The Code is imperative in its terms.—§ 2365. Its language is, "If suit be brought, on any moneyed demand, for a less amount than that of which the court has jurisdiction, the suit must be dismissed; or, if suit be brought for such amount, and a less sum be recovered, unless the amount is reduced below that of which the court has jurisdiction by a set-off successfully made by the defendant, the judgment must be set aside, and the suit dismissed, unless he, or some one for him, make affidavit," &c.

The constitution confers on the circuit courts original jurisdiction, "in civil cases, only when the matter or sum in controversy exceeds fifty dollars."—Art. V, § 6 ; Code, § 628. The verdict in this case was for precisely fifty dollars,—a less sum than that of which the circuit court has original jurisdiction ; and the record informs us that the recovery was not "reduced below that of which the court has jurisdiction, by a set-off successfully made." The record also informs us that neither the plaintiff nor any one for him made the affidavit required by law. The suit in this case being on a "moneyed demand," the circuit court should have set aside the judgment, and dismissed the suit, on the defendant's motion.

We need not, and do not, now decide what would be our conclusion, if the record failed to inform us that the statutory affidavit had not been made. That question will be considered when it arises.

The error above pointed out renders it unnecessary that we should decide any other question raised by the record.

The judgment of the circuit court is reversed, and a judgment here rendered, setting aside the judgment of the circuit court, and dismissing the suit. Let the appellee pay the costs of this court, and of the court below.