# Bethune *et als. v.* Oates.

*Bill in Equity to Condemn Lands for Satisfaction of Mortgage Debt.*

*Error without injury; what not cause for reversal.*—Where mortgagors and their lands are bound in any event for the payment of debts to different persons, it is no injury to them to give priority to either debt; hence they can not complain of a decree condemning lands for satisfaction of a mortgage, on the ground that it erroneously gave one debt a preference over the other—although the case would, perhaps, be reversible, if a party *actually aggrieved* had complained.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. B. B. McCRAW.

William C. Oates, the appellee, filed his bill against John M. Bethune, James A. Flemming, W. H. Stuckey, Elizabeth John as guardian, and others. The bill avers that in 1872, one Henry Maybin sold certain lands described in the bill to said Bethune; that on the 21st of December of that year

Bethune sold one-half of said land to said Flemming, and by agreement of said three parties, the said Bethune and Flemming delivered to said Maybin, in part payment of said lands, their two notes, as joint purchasers, and that other notes were given by said Bethune and Flemming for said purchase; that some time after the giving of said notes, Maybin transferred one of them to said Oates, and the other to said Stuckey, which also was afterwards transferred to said Oates, the lien on said notes being still retained in Oates' hands; that the said Maybin subsequently sold the other notes, to *whom* the complainant Oates does not know; that said Bethune and Flemming afterwards executed a mortgage on the whole of said land to said Mrs. Elizabeth John, as guardian of her children, for the payment of a note to her dated the same day as notes held by complainant, "but in fact," the allegation is, "said mortgage and the note it was made to secure, were executed and delivered to said Elizabeth Johns after the said notes held by complainant, and with her full knowledge, and notice to her, before she took said mortgage; that said Bethune and Flemming had not paid for said land." It is further averred that said mortgage to Mrs. John was to secure a pre-existing debt, and that said Mrs. John is not an innocent purchaser without notice; that after giving said mortgage the said Bethune executed a deed of half of said land to the wife of said Stuckey and Bethune's mother-in-law; that said deed was upon a false consideration, and was made to defraud and delay the complainant, Oates, and other creditors of Bethune; that at the time complainant purchased said notes he had no knowledge of the mortgage held by Mrs. John as above alluded to. The bill then concludes with a prayer for a reference to ascertain the amount due complainant on said notes, and to decree a lien upon the lands for the payment thereof, and to sell said land for such purpose. Instead of answering the bill, the following agreement was made: "It is hereby agreed between the complainant and defendants, that the defendants make no defense, but that at the next term of the Chancery Court the complainant may take a decree for the sum of $1,475, with a lien declared on the land for its payment, but not to be enforced nor to bear interest until the first day of January, 1875, and if not paid then, said land to be sold for the payment of said decree to be rendered against John M. Bethune and James A. Flemming. Said Elizabeth John, as guardian, &c., is not to foreclose her mortgage, nor to take any action to that end until said first day of January, 1875;" dated January 15th, 1874, and signed by all the parties.

In April, 1874, the Chancellor, upon the bill and above

agreement, decreed that the complainant was entitled to relief, and ordered that said Bethune and Flemming pay to complainant said sum, on or before the first day of January, 1875, in accordance with the agreement, and that complainant have a lien on the land, and if said sum be not paid as aforesaid, that said land be sold, &c., to satisfy the decree, and that the mortgage debt in favor of defendant, Elizabeth John, guardian, &c., be postponed in favor of the lien of complainant, in accordance with said agreement. From this decree the defendants, Bethune, Flemming and Stuckey, have appealed to this court, (Mrs. John not appealing,) and assign as error, among other things, the following:

1. Said decree violates the agreement of the parties in ordering and decreeing that the mortgage debt of defendant, Elizabeth John, guardian, &c., be postponed in favor of the lien of complainant.

2. Because said decree is not in accordance with said agreement.

3. Because said Elizabeth John had no authority to enter into said agreement or to consent to said decree.

J. L. PUGH, for appellants.

WM. C. OATES, contra.

No briefs came to Reporter.

BRICKELL, C. J.—The decree may, so far as it entitles the appellee to priority of payment, over the mortgage to Mrs. John, depart from the agreement of the parties, and if she was complaining the error would perhaps compel a reversal. But she did not join in the appeal, nor in the assignment of errors. The mortgagors are the only parties appellant, and they are bound for the payment of the debt to the appellee, and the mortgage debt to Mrs. John, and have no interest in the matter of priority of right to charge the lands. In any event, as to them, the lands are subject to the payment of both debts, and they are not injured, and can not be, by according priority to either debt. A party is not allowed to obtain a reversal because of errors not injurious to him. The decree is affirmed as to the appellants.