# First National Bank of Gadsden v. Pinson *et al.*

*Action on a Forthcoming Bond.*

1. *Pleading and practice; dismissal of suit when judgment less than*

*the sum of which court has jurisdiction.*—The provisions of the statute (Code, § 2739), which requires that where in actions upon monied demands the recovery is less than the sum of which the court has jurisdiction, the suit must be dismissed unless there is filed the prescribed affidavit, stating that the amount sued for is actually due, applies to all actions *ex contractu;* and when upon the rendition of judgment by a city court for $27.50 in a suit wherein $110 damages were claimed for the breach of a forthcoming bond, the affidavit filed in behalf of plaintiff, on the hearing of a motion to dismiss the suit, states that $55 is actually due, the judgment should be set aside and the suit dismissed; such affidavit not complying with the statutory requirement.

Appeal from the City Court of Anniston.

Tried before the Hon. James W. Lapsley.

The First National Bank of Gadsden, for the use of Thomas L. Johnson, brought an action against R. T. Pinson, as principal, and D. C. Savage and J. H. Savage as sureties on a forthcoming bond, to recover damages for the breach of the conditions of said bond; the amount of damages claimed being $110. The cause was tried by the court without the intervention of a jury, and judgment was rendered by the court in favor of the plaintiff for the sum of $27.50. The defendant moved to set aside said judgment, and to dismiss the cause upon the following grounds: "1st. Because the judgment of the court is for a sum less than fifty dollars, and was not reduced below said sum by set-off, or any counter demand, and plaintiff has not filed an affidavit that the amount sued for is really due, and that a recovery for the true amount was prevented by failure of proof. 2d. Because the court has judicially ascertained that the sum in controversy is less than fifty dollars. 3d. Because the court has judicially ascertained that the amount due plaintiff on the bond sued on is less than fifty dollars, and the court had no jurisdiction to render judgment against the defendants for a less sum than fifty dollars in said cause on the issues joined therein."

Upon the hearing of this motion, the plaintiff introduced in evidence the affidavit of its attorney, made in the suit, which was as follows: "Before me, A. H. Shepperd, clerk city court of Anniston, personally appeared Geo. D. Motley, attorney for plaintiff, who being duly sworn deposes and says that the sum of fifty-five dollars is actually due, and that a recovery for the true amount

was prevented by failure of proof." The court granted the motion, set aside the judgment rendered, and dismissed the cause. Plaintiff appeals from this judgment, and assigns the same as error.

CASSADY, BLACKWELL & KEITH and MOTLEY & FLEMING, for appellant, cited *King v. Parmer*, 34 Ala. 416; *Mills v. Long*, 58 Ala. 460; *Haws v. Morgan*, 59 Ala. 508; Code of 1886, § 2739.

R. B. KELLY, *contra.* The action in this case was an action *ex contractu*, and not *ex delicto.*— *Wilkinson v. Moseley*, 18 Ala. 288; *Mobile Life Ins. Co. v. Randall*, 74 Ala. 170.

Being an action on a monied demand, the requirements of the statute are imperative, and the suit must be dismissed, unless the affidavit is made and filed in the cause, that the amount sued for (not another and different amount) is actually due.—*McClure v. Lay*, 30 Ala. 208; Code, § 2739.

HEAD, J.—Section 2739 of the Code, which requires a dismissal of the suit, in actions upon monied demands, where the recovery is for less than the sum of which the court has jurisdiction, unless the prescribed affidavit is made, applies to all actions *ex contractu.* *King v. Parmer*, 34 Ala. 416, by a divided court, excepted from the operation of the statute actions for torts. It will not bear any further exception.—*McClure v. Lay*, 30 Ala. 208; *Mills v. Long*, 58 Ala. 460. The affidavit required is prescribed in very plain terms. It must state that the amount sued for is actually due. We have no authority to add to or take from the statute requirement.

Affirmed.