(87 South. 203)

**STEELE v. BOOKER.    (I Div. 164.)**

(Supreme Court of Alabama.    Dec. 2, 1920. Rehearing Denied Jan. 15, 1921.)

1. **Parties ⬤⟲58—Amendment by substituting receiver as defendant held to work an entire change of parties and cause of action.**

Where action was originally brought against a railroad company alleging that the defendant, through its agents or servants, negligently operated one of its trains so as to kill a horse, an amendment by striking out the name of the railroad and substituting therefor a certain person as receiver of such railroad worked an entire change of parties and introduced a new and independent cause of action.

2. **Railroads ⬤⟲265—Company not responsible for receiver's negligence.**

If the receiver of a railroad or his agents negligently caused the death of a horse on the track, the railroad company was not suable therefor.

3. **Parties ⬤⟲58—Pleading ⬤⟲248(1)—Amendment must not effect entire change of parties or substitute new cause of action.**

Plaintiff will not be allowed an amendment which will effect an entire change of parties or substitute a new and independent cause of action.

4. **Process ⬤⟲6—Amendment changing cause of action a voluntary dismissal necessitating process.**

An amendment of a complaint effecting an entire change of parties and substituting a new and independent cause of action has the effect of a voluntary dismissal or continuance of the original suit by the plaintiff, and, by an irregular and unauthorized proceeding, the institution of a new suit against the substituted defendant in which he is not compelled to appear without being summoned.

5. **Appearance ⬤⟲19(1), 22—Voluntary appearance substitute for summons.**

Where plaintiff was permitted to amend his complaint so as to effect an entire change of parties and substitute a new and independent cause of action, the court, having jurisdiction of the subject-matter, acquired jurisdiction of the person of the substituted defendant where the latter voluntarily appeared, and he could not set up any valid defense that had accrued to him by lapse of time or otherwise; a voluntary appearance being a waiver of the irregularities in the proceedings.

6. **Appearance ⬤⟲25—Irregularity in amending so as to proceed against a substitute defendant held waived by his plea.**

One who pleads over to the merits after his plea to the jurisdiction has been overruled does

not thereby waive the point taken by the plea to the jurisdiction under Code 1907, § 5370, but a motion to strike an amended complaint from the file and a motion to dismiss the case on the grounds that the amendment worked an entire change of parties and substituted a new cause of action did not constitute a plea to the jurisdiction, and any irregularity in the proceedings against the movant as substituted defendant was waived by a subsequent plea of general issue.

Sayre and Somerville, JJ., dissenting.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Action by J. H. Booker against the Gulf, Florida & Alabama Railway Company for damages for injury to a horse. The complaint was later amended so as to substitute John T. Steele, as receiver of said Railway, party defendant. Judgement for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Barnett, Bugg & Lee, of Monroeville, and Phillip D. Beall, of Pensacola, Fla., for appellant.

The plaintiff could not amend by eliminating the Gulf, Florida & Alabama Railway Company as sole party defendant and substitute John T. Steele, as the receiver of said railway company, as sole party defendant. Section 5367, Code 1907; 57 Ala. 168; 149 Ala. 330, 43 South. 126; 165 Ala. 411, 51 South. 871, 138 Am. St. Rep. 73; 165 Ala. 365, 51 South. 786; 44 Ark. 322, 51 Am. Rep. 598. In this connection counsel cite authorities bearing upon the question as to the liability of the receiver, as distinguished from the corporation, and vice versa. The amendment constituted an entire change of parties. 57 Ala. 168; 194 Ala. 186, 69 South. 874; and authorities supra. The making of a motion constituted a special appearance, and the general appearance was not entered until the pleas were filed. 173 Ala. 593, 56 South. 203; 54 Ala. 425; 61 Or. 182; 4 C. J. 1316, 1317, 1339, 1340, and 1368.

Hybart, Hare & Ratcliffe, of Monroeville, for appellee.

The amendment was proper and the court did not err in allowing the same. Sections 5367–5369, Code 1907; 94 Ala. 616, 10 South. 603; 184 Ala. 562, 63 South. 1009; 194 Ala. 186, 69 South. 874; 15 Ala. App. 429, 73 South. 754; 200 Ala. 90, 75 South. 466; 203 Ala. 425, 83 South. 341; 156 Ala. 308, 47 South. 69; 165 Ala. 411, 51 South. 871, 138 Am. St. Rep. 73; 182 Mass. 304, 65 N. E. 396; 34 Cyc. 430.

BROWN, J. This action was originally filed by the plaintiff against Gulf, Florida & Alabama Railway Company, a corporation, the complaint alleging that the defendant, through its agents or servants, so negligently operated one of its trains as to proximately cause the death of plaintiff's horse. After the original defendant had appeared and filed pleas, the plaintiff, with leave of the court and without objection of the original defendant, amended the complaint by striking out the Gulf, Florida & Alabama Railway Company as a party defendant, and substituting therefor the appellant John T. Steele, as receiver of the Gulf, Florida & Alabama Railway Company, and adding counts charging that said "John T. Steele, as receiver of the Gulf, Florida & Alabama Railway Company, so negligently operated a train as to cause the death of said horse." Steele, as receiver, voluntarily appeared, and without limiting his appearance, submitted a motion to strike the amended complaint from the file, and also a motion to dismiss the case on the grounds that the amendment worked an entire change of parties and substituted a new cause of action. These motions being overruled, he filed the plea of general issue, and on issue thus joined the case was tried, resulting in a judgment for the plaintiff.

The only matters brought for review on this appeal are the rulings of the court on the motion of the substituted defendant to strike the amendment and dismiss the suit.

[1, 2] We think it too clear for argument that the amendment worked an entire change of parties, and introduced a new and independent cause of action. If the servants of the railroad company negligently killed plaintiff's horse, as alleged in the complaint, the railroad was suable therefor. On the other hand, if the receiver or his servants negligently caused the death of the horse, the railroad company is not suable therefor. A., B. & A. Ry. Co. v. McGill, 194 Ala. 186, 69 South. 874.

[3-5] One limitation on the right of plaintiff to amend his complaint under our statute is that the amendment must not effect an entire change of parties or substitute a new and independent cause of action. Rarden Merc. Co. v. Whiteside, 145 Ala. 617, 39 South. 576; Vinegar Bend Lbr. Co. v. Chicago Co., 131 Ala. 411, 30 South. 776; Johnson v. Martin, 54 Ala. 271. Therefore the effect of the amendment was a voluntary dismissal or discontinuance of the original suit by the plaintiff (Curtis v. Gaines, 46 Ala. 455; Evans Marble Co. v. McDonald, 142 Ala. 130, 37 South. 830), and by an irregular and unauthorized proceeding, the institution of a new suit against the substituted defendant in which he was not compelled to appear without being summoned. However, the court had jurisdiction of the subject-matter, and the substituted defendant by his voluntary appearance gave the court jurisdiction of his person. Gager v. Doe ex dem. Gordon, 29 Ala. 341. He then stood to defend, not in the right of the original defendant, but on

his own right and title, and he could set up any valid defense that had accrued to him by lapse of time or otherwise. Nelson v. Goree's Adm'r, 34 Ala. 578. When he voluntarily appeared without limiting his appearance, the fact that he was substituted for another and that the complaint stated a new cause of action was no answer to the cause of action stated in the amended complaint or the right of the plaintiff to sue him thereon, and by such appearance and pleading over he waived the irregularities in the proceedings, and after litigating with the plaintiff on the merits he is in no position to complain. Haas-Phillips Co. v. Lee & Edwards, 87 South. 200;[1] Johnson, Adm'r, v. Wren, 3 Stew. 172; Ellis & Co. v. Brannon et al., 161 Ala. 573, 49 South. 1034.

[6] If the appearance of the substituted defendant had been coerced by summons or otherwise, and he had pleaded to the jurisdiction, a different question would be presented. Terminal Oil Mill Co. v. Planters' W. H. Co., 197 Ala. 429, 73 South. 18. In such case, if his plea to the jurisdiction had been overruled, his pleading over would not have waived the point taken by the plea. Code 1907, § 5370.

The record shows no reversible error, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

### On Rehearing.

ANDERSON, C. J., and McCLELLAN, THOMAS, and BROWN, JJ., concur in and adhere to the original opinion and the application is overruled.

SAYRE and SOMERVILLE, JJ., are of the opinion that the points taken by the motion presents matters of abatement, and were not waived by subsequent pleading, and the case should be reversed.

GARDNER, J., not sitting.

ANDERSON, C. J. Since action upon the rehearing in this case and since the retirement of Justice Brown, the writer of the foregoing opinion, it has been suggested by counsel for appellant that there are expressions in the opinion calculated to mislead unless qualified or explained, especially the following statement:

"Steele, as receiver, voluntarily appeared, and, without limiting his appearance, submitted a motion to strike the amended complaint from the file," etc.

—the complaint being that the foregoing conveys the inference that the record shows an appearance by appellant prior to the submission of the motion to strike. It is sufficient to say that the record shows no appearance by this appellant, especially or generally, anterior to the motion to strike, and it was evidently not the intention of the writer of the opinion to convey such an impression. The concurring Justices did not, in considering this cause and concurring in the opinion, have the impression that there was an appearance by Steele prior to making his motion to strike and dismiss. Indeed, if there had been a general or unqualified appearance by him prior to making the motions, there would have been little or no necessity for a discussion of the questions as set out in the foregoing opinion, as the result could have been placed upon the theory that Steele voluntarily appeared as a party defendant. The facts as disclosed by the record are that Steele made a motion to strike the amended complaint, which was overruled. He then moved to dismiss the cause, which said motion was overruled. He then, after his said motions were overruled, interposed a plea of the general issue, and the record shows that the case was submitted to and tried by jury upon the merits, resulting in a verdict for the plaintiff. The majority never intended to and did not hold that the appearance by Steele in making the motions, notwithstanding his said appearance was not expressly limited, amounted to a general appearance. In fact, if he had stopped after his said motions were overruled, this court would have held, and properly so, that he was not a party to the cause and would have reversed the judgment against him. The court did hold, however, that when he interposed a plea to the merits, this was in legal effect a general appearance and a waiver by him of the points made in said motions. We also held that section 5370 of the Code of 1907 did not apply to motions like the ones in question so as to authorize a review of same, notwithstanding a subsequent plea to the merits, that said motions were not "pleas in abatement" as mentioned in said section, and that this defendant should have stood on his motions after the adverse ruling of the court instead of subsequently pleading to the merits and seeking a review of the ruling upon same under section 5370, which the majority of the court held did not apply. In other words, the majority were of the opinion that the words "plea in abatement" as used in said section did not apply to or include motions like the ones in question.

McCLELLAN and THOMAS, JJ., concur.

---

[1] Ante, p. 137.