(104 So. 412)

## ALABAMA GREAT SOUTHERN R. CO. v. LAWLER. (7 Div. 557.)

(Supreme Court of Alabama. May 7, 1925.)

1. Parties ⬡➡58—Bringing in another defendant by amendment and dismissing original defendants held violation of rule forbidding complete change of parties.

Bringing in defendant by amendment followed by dismissal as to all other defendants is an entire change of parties, and is not permitted.

2. Carriers ⬡➡131—Count in suit against carrier for loss of goods held demurrable as failing to show right of action in plaintiff.

In action ex contractu on bill of lading for loss of goods, count alleging damages for failure to deliver certain described goods consigned to another, and that plaintiff was owner of goods, held subject to demurrer, as it failed to show any right of action in plaintiff, but showed that right was in consignor; no assignment of it to plaintiff being alleged nor suit brought in name of consignor for use of plaintiff as owner, as it should have been.

3. Carriers ⬡➡69(1)—Bill of lading not an "instrument for payment of money," within statute requiring suits thereon to be prosecuted in name of real party in interest.

A bill of lading is not an instrument for the "payment of money," within Code 1923, § 5699, requiring suits on such instruments to be prosecuted in name of real party in interest, nor is such suit governed by commercial law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Instrument for the Payment of Money.]

4. Courts ⬡➡121(6)—Plaintiff's affidavit stating belief that recovery should have been for greater amount held insufficient.

Plaintiff's affidavit, tendered as answer to defendant's motion to set aside judgment and dismiss suit on ground that recovery was a less amount than that of which court had jurisdiction, stating "belief" of affiant that recovery should have been for a greater amount, held insufficient and not in compliance with Code 1907, § 5355.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Mrs. W. L. Lawler against the Alabama Great Southern Railroad Company for failure to deliver goods. Judgment for plaintiff and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Count D is as follows:

"Plaintiff claims of the defendant the sum of $100 damages for the failure to deliver certain goods, to wit, one umbrella, one lady's dress, one blanket, two qts. grape juice, one Bible, one cut glass, one tea set, one mantle cloak, received by him as a common carrier to be delivered to Norwood Smith at Biloxi, Miss., from Attalla, Ala., on or about the 10th day of March, 1922, for a reward, which he failed to do. And plaintiff avers that above-named goods are the property of the plaintiff, and that the Alabama Great Southern Railroad Company issued bill of lading to R. C. Smith March 3, 1922."

Goodhue & Lusk, of Gadsden, for appellant.

Demurrer to Count D should have been sustained. Southern Ry. v. Brewster, 9 Ala. App. 597, 63 So. 790; L. & N. v. Sarris, 209 Ala. 217, 95 So. 903; 31 Cyc. 104; James v. A. G. S., 202 Ala. 640, 81 So. 582. A complete change of parties is not permissible. Rarden Mer. Co. v. Whiteside, 145 Ala. 617, 39 So. 576; James v. Davis, 209 Ala. 87, 95 So. 346; Watson v. Birmingham Belt, 209 Ala. 413, 96 So. 257; Steel v. Booker, 205 Ala. 210, 87 So. 203; Springfield Tire Co. v. De Jarnette, 111 Ala. 248, 19 So. 995; Code 1907, § 5367; Mahan v. Smitherman, 71 Ala. 565. The amount recovered was less than the jurisdiction of the court, and judgment should have been set aside on motion. Code 1907, § 5355; Bank v. Pinson, 105 Ala. 588, 17 So. 182; Woodward Ir. Co. v. Keller, 199 Ala. 432, 74 So. 933; Bullock v. Mason, 194 Ala. 663, 69 So. 882.

O. B. Roper, of Gadsden, for appellee.

The complaint is sufficient. L. & N. v. Landers, 135 Ala. 510, 33 So. 482; Walter v. A. G. S., 142 Ala. 481, 39 So. 87; Southern Ry. v. Webb, 143 Ala. 311, 39 So. 262, 111 Am. St. Rep. 45, 5 Ann. Cas. 97; Southern Exp. Co. v. Owens, 146 Ala. 412, 41 So. 752, 8 L. R. A. (N. S.) 369, 119 Am. St. Rep. 41, 9 Ann. Cas. 1143; 209 Ala. 694, 96 So. 912. Plaintiff, owner, had a right of action. Cooley on Torts (3d Ed.) 851; S. & N. v. Wood, 72 Ala. 451; Mouton v. L. & N.,

---

⬡➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

128 Ala. 537, 29 So. 602; 6 Cyc. 471; L. & N. v. Gilmer, 89 Ala. 534; 5 Cyc. 170; 10 C. J.——; Gulf Comp. Co. v. Jones Cot. Co., 172 Ala. 645, 55 So. 206; Zimmern Coal Co. v. L. & N., 6 Ala. App. 475, 60 So. 598. When a suit is against one or more persons upon any separate, joint, or joint and several contracts or causes of action, plaintiff may at any time amend by striking out or adding parties plaintiff or defendant. Acts 1915, p. 605; Code 1923, § 5718. There was no departure. Code 1923, §§ 9513, 9515; Gains v. B. R., L. & P. Co., 164 Ala. 6, 51 So. 238; A. G. S. v. Mt. Vernon Co., 84 Ala. 173, 4 So. 356; Melbourne v. L. & N., 88 Ala. 443, 6 So. 762. Motion to set aside judgment was properly overruled. Code 1907, § 5355.

SAYRE, J. [1] Plaintiff, appellee, brought her action against the Louisville & Nashville Railroad Company, a corporation, and the "Southern Railway Company, a corporation (A. G. S. Division)," on a bill of lading for the failure of defendants to deliver certain personal goods and chattels consigned—by whom the original complaint did not allege—to Norwood Smith at Biloxi, Miss. She emerged from the case with a judgment against the Alabama Great Southern Railroad Company. The defendant in judgment was not brought in by the notation quoted above, "A. G. S. Division," for, obviously, that was no sufficient description of said defendant, but, as the record shows, after the Louisville & Nashville Company had been dismissed, the Alabama Great Southern was brought in by amendment and the service of summons, and then the Southern was dismissed after its demurrer to count D; at that time the only count remaining in the complaint had been sustained and plaintiff had refused to plead further against it. Defendant, Alabama Great Southern complains of all this as being a violation of the rule that no complete change of parties shall be allowed; but we consider the case now as if the action had been brought originally against the Alabama Great Southern alone in the usual way of summons and complaint. The action thus instituted against the last-named defendant was in truth not an amendatory proceeding, but an original action, subject to every defense available to the defendant as of the time of the filing of the complaint against it. James v. Davis, 209 Ala. 87, 95 So. 346. Now that costs should be apportioned according to justice and equity (Code 1923, § 7221), the defendant who is brought in by this method can suffer no prejudice thereby. The foregoing is the view of the writer. Other members of court prefer to follow the rule which forbids an entire change of parties—a rule in which the writer fully concurs when it serves any good and useful purpose. In Steele v. Booker, 205 Ala. 210, 87 So. 203, a conclusion was reached similar to that now stated by the writer, but on a different ground, which sufficiently appears in the reported case. A majority of the court —all save Anderson, C. J., and Gardner, J.— are now of opinion that the decision in that case on this point should be overruled. It is accordingly so ordered.

[2, 3] The report of the case sets out count D. The demurrer of the sole remaining defendant, the present appellant, should have been sustained to this count. The action was ex contractu on a bill of lading; but the count failed to show any right of action in the plaintiff. On the facts alleged, that right was in the consignor, R. C. Smith; nor was this fact changed by the allegation that plaintiff was the owner of the goods and chattels. The contract was a contract by and between the defendant and the consignor; no assignment of it to plaintiff was alleged; nor was the suit brought in the name of the consignor for the use of the owner, as, on the facts, it should have been. This was necessary to the full protection of the carrier. Louisville & Nashville v. Sarris, 209 Ala. 217, 95 So. 903; Sullivan v. Louisville & Nashville, 138 Ala. 650, 35 So. 694. The contract evidenced by the bill of lading is not "for the payment of money," is not governed by the commercial law, and so is unaffected by section 5699 of the Code of 1923. Southern R. Co. v. Brewster, 9 Ala. App. 601, 63 So. 790.

[4] We are also clear to the conclusion that the affidavit tendered by plaintiff, as an answer to defendant's motion to set aside the judgment and dismiss the suit on the ground that the recovery was of an amount less than that of which the court had jurisdiction, did not comply with the statute, for that it did no more than state the "belief" of affiant that the recovery should have been for a greater amount. First Nat. Bank v. Pinson, 105 Ala. 588, 17 So. 182. It is not understood that section 5355 of the Code of 1907, of force when the judgment in this cause was rendered, differs from section 3315 of the Code of 1896, of force when Bank v. Pinson, supra, was written, in any respect material to the question presented by defendant's motion or that the decision in that case, so far as it affects this, was departed from in Bullock v. Mason, 194 Ala. 663, 69 So. 882. In this connection we note that the statute has been amended to very material effect in the Code of 1923, section 9494.

For the errors indicated, the judgment must be reversed.

Reversed and remanded.

All the Justices concur in the conclusion.