(110 So. 156)

## WHITE v. BILLS -BROS.    (8 Div. 459.)

(Court of Appeals of Alabama.   Oct. 26, 1926.)

**1. Dismissal and nonsuit ⚖➥27.**

Amendment of complaint by adding individuals composing firm *held* voluntary dismissal or discontinuance of original suit.

**2. Parties ⚖➥95 (7)—Irregularity occurring on trial prior to amendment of complaint constituting in effect new suit by addition of new parties held waived by plea of general issue after amendment.**

Where plaintiff was allowed to amend his complaint adding individuals comprising firm, court having jurisdiction of subject-matter acquired jurisdiction of person of defendant, and defendant pleaded without objection, all rulings and irregularities occurring on trial before plea of general issue to amended complaint were waived.

**3. Partnership ⚖➥199.**

Partnership not being natural or artificial, person cannot sue, but amendment which adds individual names of partners changes parties plaintiff to individuals composing partnership.

**4. Money received ⚖➥1.**

In action for money had and received, brought by seller of cotton against one who had seized it as being included in a mortgage, it was immaterial whether defendant had ever promised to pay plaintiff or not.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Action in assumpsit by Bills Bros., a partnership composed of O. E. and J. T. Bills, against H. F. White. From a judgment for plaintiff, defendant appeals. Affirmed.

Mitchell & Hughston, of Florence, for appellant.

Defendant's motion to strike from the file the original complaint should · have been granted. Long v. Kansas R. Co., 170 Ala. 635, 54 So. 62; Steele v. Booker, 205 Ala. 210, 87 So. 203. The allowance of amendment, adding ·the members of the partnership, was erroneous. Authorities supra.

Jas. C. Roberts, of Florence, for appellee.

The amendment substituting a new cause of action had the effect of a dismissal of the original suit, and voluntary appearance by defendant was a waiver of irregularities in the proceedings. Steele v. Booker, 205 Ala. 210, 87 So. 203.

SAMFORD, J.  [1, 2] This suit originated in a justice court, and was begun by Bills Bros. In the justice court judgment was entered by default and an appeal taken to the circuit court. In the circuit court, over defendant's motion to strike the complaint, the plaintiff was allowed to amend the complaint by adding an additional count, to which demurrer was interposed and overruled. After rulings on the demurrer, the plaintiff, without further objection, was allowed to amend the summons and complaint by adding the individuals composing the firm of Bills Bros. as parties plaintiff. To the complaint as last amended the defendant pleaded the general issue in short by consent. There was verdict and judgment for plaintiffs. The effect of the last amendment was a voluntary dismissal or discontinuance of the original suit by the plaintiff. Steele v. Booker, 205 Ala. 210, 87 So. 203. The amendment was in effect the. bringing of a new suit to which the defendant pleaded without objection. The court had jurisdiction of the subject-matter, and the defendant by his voluntary appearance gave the court jurisdiction of the person. This had the effect of waiving all of the rulings and irregularities occurring on the trial before this last plea. Steele v. Booker, supra.

[3] A partnership cannot sue, for it is not a natural or artificial person (10 Mitch. Dig. 860, par..121), but an amendment which adds the individual names changes the parties plaintiff to the individuals composing the partnership (Foreman v. Weil, 98 Ala. 495, 12 So. 815).

The cotton out of which grew this suit was raised on the lands of W. N. Bills by Hattie Patrick, the 15 year old daughter of one Clara Patrick. With the consent of Clara, Hattie rented five acres of land from W. N. Bills, upon which she raised one bale of cotton, which she turned over to Bills. Bills had the cotton ginned in his own name, at the gin of plaintiffs. When the cotton was ginned. Bills Bros. bought the cotton, paid one-fourth of the proceeds to W. N. Bills and three-fourths to Hattie, that being the interest of each in and to the cotton.

Bills Bros. were engaged in buying cotton for one Patterson and delivering it to Athens. This bale was so sold and delivered along with other cotton to Patterson at Athens. The defendant held a mortgage on the cotton raised by Clara. With this mortgage he went to Patterson, identified the bale of cotton in question, and demanded the cotton or its equivalent of Patterson. Patterson paid him on this demand the money here sued for and charged the same back to plaintiffs. The action as it stands is for money had and received. It is conceded that defendant held no claim against the cotton unless it was included in his mortgage from Clara. If he had no mortgage, then he received money which ex æquo et bono belonged to plaintiffs. These questions were properly for the jury, and the court so held in his various rulings.

[4] It would make no difference whether defendant ever promised to pay back the money to plaintiff or not. If he held a lien by virtue of his mortgage he was entitled to·

---

keep it, and a mere promise to pay without consideration would be a nudum pactum and void. If he did not have a lien, his duty was to pay the money to plaintiff; and the law will imply the necessary promise.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.