(115 So. 860)

MOSAIC TEMPLARS OF AMERICA v. FLANAGAN. (6 Div. 321.)

Court of Appeals of Alabama. March 20, 1928.

C. H. Roquemore, of Montgomery, for appellant.

Perry, Mims & Green, of Bessemer, for appellee.

SAMFORD, J. John W. Flanagan brought suit against defendant on an insurance policy issued by defendant on the life of W. M. Flanagan, of which plaintiff claimed to be the owner. The complaint was amended on the motion of plaintiff by adding Mattie Flanagan as a party plaintiff, and by adding count 2 as follows:

"Count 2. Plaintiffs claim of the defendant the sum of $300, together with the interest thereon due them under and by the provisions of a policy of insurance dated October 23, 1917, issued to W. M. Flanagan, wherein it is provided that in case of the death of the said W. M. Flanagan, while in good standing, should the death occur, the defendants would pay to plaintiffs, bearing relationship to the said W. M. Flanagan of adopted son and wife, respectively, the said sum of $300, and plaintiffs aver that the said W. M. Flanagan, while in good standing, died on, to wit, the 14th day of November, 1924, and that the defendants have had due notice of his death and have refused to pay the said sum of $300 which they agreed to pay. Hence this suit. Plaintiffs allege that said policy is the property of plaintiffs."

The evidence disclosed a policy issued to W. M. Flanagan in October, 1917, and, under a decision of this court and the Supreme Court, payable on the death of W. M. and due proof of his death, to the lawful heirs of W. M. Proof of death was made. Mosaic Templars of America v. Raife, 215 Ala. 159, 110 So. 67.

The proof showed that Mattie Flanagan was the sole heir at law of W. M., and that John W. was not. Judgment was rendered against the defendant and in favor of Mary Flanagan.

In the absence of a designated beneficiary in a policy of insurance, wherein the insured is required to designate a beneficiary of a class named therein, on death of assignee before that of insured the benefits revert to the insured as a lapsed trust of named assignee of certificate and passes to the estate of insured on his death. Mosaic Templars of America v. Raife, supra.

It having been shown without dispute that W. M. died leaving a personal estate of less than $1,000 and a small house not exceeding $300 in value, the interest in the policy issued by defendant vested in Mattie Flanagan, the widow of deceased, for the benefit of herself and minor children, and, in the absence of any minor children, then in the widow alone. Code 1923, § 7922; Snead v. Scott, 182 Ala. 97, 62 So. 36; Jackson v. Wilson, 117 Ala. 432, 23 So. 521.

The suit was begun by John W. Flanagan. He, on his motion, with the consent of the court, as he had a right to do under the statute, amended *his* complaint by adding Mattie as a party plaintiff. Code 1923, § 9516. The trial then proceeded with the two plaintiffs claiming jointly. Upon the joint motion of both plaintiffs, the complaint was again amended by adding count 2, which claimed jointly.

Whatever may be held to be the correct procedure under section 9485 of the Code of 1923, which provides for an intervention in certain cases, the proceedings here do not come under the influence of that section. We might add that section 9485, supra, presupposes a suit pending between two parties and a motion by a third party to intervene, in which event there must be:

"*A* * * * *complaint, setting forth the ground upon which the intervention rests* [italics ours], filed by leave of the court and served upon the parties to the action or proceeding who have not appeared and upon the attorneys of the parties who have appeared, who may answer," etc.

There appears in this case no attempt to comply with this statute. While the trend of modern legislation and decisions is to liberalize and simplify pleading, they have never yet gone so far as is here contended by appellee. To do so would result in chaos and confusion, rather than simplicity.

That leaves us, then, with two plaintiffs suing jointly, one of whom is not entitled to recover and who is completely ignored in the judgment rendered. There appears a misjoinder of parties plaintiff, and therefore neither can recover in this suit. The above is true whether disclosed on the record or by the evidence offered on the trial. Bell et ux. v. Allen, 53 Ala. 125. The evidence fails to disclose a joint interest of the parties plaintiff; the plaintiffs must therefore fail in the action for want of proof.

■ Should the court yield to the argument of appellee's counsel, the result in this case would be to permit a recovery by a substituted plaintiff whose substitution constituted an entire change of parties plaintiff, which cannot be done. Steele v. Booker, 205 Ala. 210, 87 So. 203; Ala. G. S. R. R. v. Lawler, 213 Ala. 119, 104 So. 412.

■ There is another question raised by this record which is decisive of this appeal. That is this: The suit, as amended, stood with parties plaintiff, John W. and Mattie. The evidence tended to show a right to recover in Mattie. The judgment is in favor of plaintiff *Mary.* The court found that *Mary* was the wife of deceased. This may have been an error of the clerk, but as to this we have no means of knowing other than as appears in the record.

For the errors pointed out, the judgment must be reversed and the cause is remanded.

Reversed and remanded.