(130 So. 551)

## BEASON v. SOUTH CAROLINA BANK OF GREENVILLE.

6 Div. 499.

Supreme Court of Alabama.

Oct. 30, 1930.

Hugh A. Locke and Frederick V. Wells, both of Birmingham, for appellant.

Ritter, Wynn & Carmichael, of Birmingham, for appellee.

BROWN, J.

This action is on a negotiable promissory note. The suit was originally filed by the South Carolina Bank of Greenville, and on the trial the summons and complaint were amended, by "adding immediately after the name of the plaintiff where the same appears both in the summons and in the complaint the words 'to the use of H. B. Carlisle, Receiver of the Bank of Landrum.'"

This amendment was allowed over the timely objection of the defendant that it worked an entire change of parties plaintiff, and, after the allowance of the amendment, defendant made a motion that a judgment be entered discontinuing the case, on like grounds. This motion being dismissed, the defendant demurred, taking the point that the amendment worked an entire change of parties plaintiff.

■■ Under our statute, the effect of the amendment was to make H. B. Carlisle, as receiver, the sole party plaintiff; an entire change of parties not permissible under the

statute providing for and regulating amendments. Code 1923, § 5700; Dougherty v. Powe, 127 Ala. 577, 30 So. 524; Vinegar Bend Lumber Co. v. Chicago Title & Trust Co., 131 Ala. 411, 30 So. 776; Tallassee Motor Co. v. Gilliland Bros., 216 Ala. 257, 112 So. 759; Pickens & Wife v. Oliver, 32 Ala. 626.

Section 5699 of the Code 1923 provides that suits on commercial instruments must be prosecuted in the name of the person having the legal title, at the commencement of the suit. Quarles v. Kendrick Merc. Co., 16 Ala. App. 486, 79 So. 160; Wilson v. Weaver, 16 Ala. App. 249, 77 So. 238.

The holding in Coats 'v. Mutual Alliance Trust Co., 174 Ala. 565, 56 So. 915, is that the payment of an indebtedness for which the note in suit was assigned as collateral security, pending suit by the assignee to enforce its collateral, will not defeat the right of the assignee to prosecute the action to judgment, and is an authority that would have sustained the right of the South Carolina National Bank of Greenville to proceed without the amendment, but it does not militate against the holding that the amendment worked an entire change of parties plaintiff.

We are therefore of opinion that the court erred in overruling the objection to the amendment, in refusing the motion to discontinue the cause, and in overruling the demurrer to the complaint. Ex parte Tucker, 208 Ala. 428, 94 So. 276; Alabama Great Southern R. Co. v. Lawler, 213 Ala. 119, 104 So. 412; Steele v. Booker, 205 Ala. 210, 87 So. 203. The last-cited case was in part overruled by Alabama Great Southern R. Co. v. Lawler, supra.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.