147 So. 888

**MONTGOMERY, Superintendent of Banks, v.
JOHN C. WEBB & SONS.**

2 Div. 16.

Supreme Court of Alabama.
April 20, 1933.

Rehearing Denied May 18, 1933.

McKinley & McDaniel, of Demopolis, for appellees.

Gray & Dansby, of Butler, and J. Paul Jones, of Linden, for appellant.

BOULDIN, Justice.

The action, in some counts, was in trover for the conversion of 14 bales of cotton.

The trial court gave the affirmative charge for the defendants.

The ground upon which the court took this view is not shown.

Appellees seek to justify such ruling on the ground that there was an entire change of party plaintiff, and no proof of title in the new plaintiff.

The original suit was brought by the Peoples' Bank of Gilbertown, a corporation.

The judgment entry recites:

"This day came the parties with their attorneys, and the plaintiff offers to amend its complaint by substituting, as party H. H. Montgomery, Superintendent of Banks of the State of Alabama, in the matter of the liquidation of the Peoples' Bank of Gilbertown, Alabama, as plaintiff instead of the Peoples' Bank of Gilbertown, Alabama, a corporation, plaintiff; thereupon the defendant objected, and it is considered and adjudged by the Court that said objection be, and the same is hereby denied and overruled, to which action of the Court the said defendant excepts.

**606**

"Thereupon the plaintiff offered said amendment, and it is considered by the Court that the said amendment be and the same is allowed, and the said complaint be, and the same is hereby amended so as to make H. H. Montgomery, Superintendent of Banks of the State of Alabama, party plaintiff, in lieu of the Peoples' Bank of Gilbertown."

This amendment was allowed over defendants' objection.

It is insisted "H. H. Montgomery, Superintendent, &c." is a suit by H. H. Montgomery, individually, the added words being merely descriptio personæ. Admittedly H. H. Montgomery, personally, was not shown to have title to the cotton. But the latter phrase in the judgment entry should not be disassociated from other recitals therein, which disclose that the substituted party was the named superintendent of banks, under statutory powers for the liquidation of banks.

The same minute entry further shows judgment for costs against "H. H. Montgomery, as Superintendent of Banks of the State of Alabama."

Several recitals in the bill of exceptions show both the parties and the court treated the case as one wherein the superintendent of banks was made a party in his official capacity in charge of the liquidation of the bank.

Thus the caption of the bill of exceptions recites that it presents the proceedings had in a cause "wherein, H. H. Montgomery, as Superintendent of Banks of the State of Alabama, liquidating the Peoples' Bank of Gilbertown, Gilbertown, Alabama, was plaintiff."

And the court said to the jury preliminary to giving the affirmative charge for defendants, "this is an action on the part of the plaintiff, H. H. Montgomery, Superintendent of Banks, as liquidating agent of the Peoples' Bank of Gilbertown, against John C. Webb & Sons."

Nor can it be said there was an entire want of evidence that the bank was at that time in liquidation through the superintendent of banks.

The bill of exceptions shows that when the mortgage given to the bank was offered as evidence of title, defendants objected "on the further grounds that it was shown by agreed statement in court this morning, written into the records as an agreed fact that the Peoples' Bank of Gilbertown is in liquidation and has been taken over by the State Banking Department, and that the plaintiff cannot maintain this action or offer it in evidence for any purpose."

Objection being overruled, and the document admitted, it appears the amendment was immediately made "substituting as party plaintiff 'H. H. Montgomery, Superintendent

of Banks of the State of Alabama, in the matter of liquidating the Peoples' Bank of Gilbertown, Gilbertown, Alabama,' instead of 'Peoples' Bank of Gilbertown, a corporation, plaintiff.' "

In this state of the record, it is a reasonable inference that the amendment was made pursuant to and in recognition of the agreed facts as announced by defendants.

The case of Steele v. Booker, 205 Ala. 210, 87 So. 203, is not in point. There plaintiff sued the railroad company in a live stock case. The amendment substituted the receiver, alleging that the "receiver so negligently operated the train as to cause" the injury. Held, this worked an entire change of parties; charged the negligent act to another and different party.

Here, the statutory receiver proceeds on a cause of action accruing to the bank, and passing to the receiver who becomes the proper party to further prosecute the suit.

The evidence for plaintiff tended to establish all the elements necessary to a recovery in trover. We need not here review the same in detail.

The trial court erred in giving the affirmative charge for defendants.

Reversed and remanded.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.