8 So.2d 448

### MAY v. DOTHAN BUICK CO.
### 4 Div. 253.

Supreme Court of Alabama.
May 28, 1942.

L. A. Farmer, of Dothan, for petitioner.

Lawrence T. Oakley, of Dothan, opposed.

BROWN, Justice.

The plaintiff, petitioner here, on February 25, 1941, sued "Dothan Buick Company, a corporation," the complaint consisting of a count in trover for the conversion and trespass for wrongful taking of "one Buick Automobile." The sheriff's return on the summons and complaint recites: "Executed this 26 day of Feb., 1941 by leaving a copy of the within Summons and Complaint with Jessie Frank Stallings who is manager of Dothan Buick Company, a corporation, Defendant." On February 27, 1941, the plaintiff amended his complaint "by striking Dothan Buick Company, a corporation, as the party defendant," and both counts of the original complaint, and "inserting in lieu thereof J. M. Stallings and J. F. Stallings, partners doing business under the firm name of Dothan Buick Company, as party defendants in said cause," and adding counts A and B, the first in trover and the second trespass. This summons and complaint was executed by service of a copy on "J. M. Stallings and J. F. Stallings, partners doing business under the firm name of Dothan Buick Company."

On March 19, 1941, to quote the plea, "the Defendant in the foregoing cause, *appearing specially* only for the purpose of filing the following plea, and for answer to said complaint, and each count thereof, separately and severally, says: (1) Nul tiel Corporation." [Italics supplied.]

And on March 24, 1941, moved the court to discontinue the action because the amendment to the complaint worked an entire change of parties.

There was no general appearance. The circuit court granted the motion and entered a judgment discontinuing the suit.

Motion was then made to set the judgment aside on the ground that the circuit court erred in granting the motion to discontinue. This motion was denied, and the plaintiff appealed from the final judgment to the Court of Appeals. There the judgment was affirmed.

The purpose and effect of the amendment was, not to change the description of the defendant in the summons and complaint

by striking "a corporation" and substituting the words "partnership composed of J. M. Stallings and J. F. Stallings," but its purpose and effect was to strike the original defendant and both counts of the original complaint, and substitute therefor the individuals doing business as a partnership, and charge trover and trespass against said individuals.

This was an entire change of parties defendant and an entire change of the cause of action. Steele v. Booker, 205 Ala. 210, 87 So. 203; Alabama Great Southern R. Co. v. Lawler, 213 Ala. 119, 104 So. 412.

The rulings of the circuit court and Court of Appeals are free from error.

Writ of certiorari is denied.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.