103 So.2d 837

General Neal SPILLERS

v.

Howard S. LAFEVER.

8 Div. 256.

Court of Appeals of Alabama.

June 10, 1958.

John Ike Griffith, Birmingham, for appellant.

Thos. C. Pettus, Moulton, for appellees.

CATES, Judge.

Action claiming $1,328.44 due on a note secured by a chattel mortgage, both of which instruments were given to one George W. Beene (intestate) by Lafever. Spillers, according to the amended complaint, is alleged to be an assignee of the note and mortgage as an agent for collection for the benefit of Beene's administratrix.

The jury found for the defendant on an affirmative instruction by the trial judge.

The evidence showed Spillers did not have the instrument indorsed to him until after commencement of the action, viz., on the date of trial. The indorsement was restricted (Code 1940, T. 39, § 38), in that it was "for collection of same and payment to me or himself." T. 39, § 39, reads in part:

"A restrictive indorsement confers upon the indorsee the right:

"(1) To receive payment of the instrument.

"(2) To bring any action thereon that the indorser could bring."

 The note in question was payable to "George W. Beene" omitting the usual "or order" or "to the order of." This omission by operation of subsection (4), § 8 of T. 39, would make the note nonnegotiable but for the additional legend: "Negotiable and payable at Citizens Bank, Moulton, Ala." Title 39, § 14, which reads:

"The negotiable instrument need not follow the language of this article, but any terms are sufficient which clearly indicate an intention to conform to the requirements thereof."

overcomes the deficiency, see Enoch v. Brandon, 249 N.Y. 263, 164 N.E. 45. This is bolstered by the usual waiver of exemption clause which refers to "endorsers." See Beutel's Brannan Negotiable Instruments Law, 7th Ed., § 10, Uniform Act, pp. 338–340. This combination of verbiage we consider to meet the rules laid down in Quast v. Ruggles, 72 Wash. 609, 131 P. 202.

Being payable at a bank, the note must be sued on in the name of the person having legal title if the Negotiable Instruments Law has not superseded the last clause of T. 7, § 126. Beason v. South Carolina Bank of Greenville, 222 Ala. 25, 130 So. 551. We believe that this latter section is to be construed where negotiable instruments are concerned in pari materia with T. 39, § 53, which provides:

"The holder of a negotiable instrument may sue thereon in his own name and payment to him in due course discharges the instrument."

Bank of Tallassee v. Jordan, 200 Ala. 182, 75 So. 930, where the plaintiff was a holder for collection, does not influence the instant case, since here there is no question of cutting off a defense of the maker against the payee.

Title 39, § 2, unlike § 191 of the Uniform Act and also unlike § 5138 of the 1907 Code, defines a holder as "the payee or *indorser* of a * * * note who is in possession of it." (Italics ours.) The word "indorser" appears in the official text of the 1940 Code in the Secretary of State's office. The 1907 Code and the Uniform Act say, "indorsee."

Indorsement is defined as "an indorsement completed by delivery." Quaere: Can an "indorser" be in possession of a note if he must deliver it?

This change of definition by what was probably a failure in proof-reading the 1923 Code virtually renders nugatory § 51 and § 53 of T. 39.

We hold that Spillers failed to show the right in him to sue on this note (1) be-

cause he was not shown to be an "indorser" of the note, and (2) he had no interest, legal or equitable, at the time suit was filed.

Having considered all of the errors assigned, we are of the opinion that the judgment below is due to be

Affirmed.