139 So.2d 296

**Ardelia GORDON**

**v.**

**HAILEY AND BUMPASS, CONTRACTORS, INC., et al.**

**3 Div. 988.**

Supreme Court of Alabama.

March 22, 1962.

Clarence M. Small, Montgomery, for appellant.

Steiner, Crum & Baker and Sam Rice Baker, Montgomery, for appellees.

MERRILL, Justice.

This appeal is from an order of discontinuance in favor of defendant and from the order overruling a motion designated as a "motion for a rehearing."

Appellant sued "Hailey and Bumpass, Contractors, Inc., a corporation, X and Y Corporations, and John Doe and Richard Roe whose names are unknown to plaintiff but will be supplied on information," for $5,000 damages.

The sheriff's return shows that the summons and complaint was served "on J. S. Hailey, defendant" on June 15, 1960. The defendant filed the following verified plea on July 11, 1960:

"Comes Hailey and Bumpass, defendant in the above entitled cause, and appears solely and specially for the purpose of filing this plea in abatement, and for no other purpose, and pleading in abatement says:

"That it is and at all times mentioned in the complaint was, a partnership composed of J. S. Hailey and F. H. Bumpass; that it is not now, and at no time mentioned in the complaint was, a corporation.

"WHEREFORE, defendant says that this suit should be abated, and should not be allowed to proceed."

The record shows no further action until the cause came on to be heard on October 10, 1961. The plaintiff announced ready and the defendant announced ready on its plea of nul tiel corporation and the matter

was argued and submitted to the court for decision upon the plea which was confessed by the plaintiff. At that time, the plaintiff filed the following amendment:

"Comes the Plaintiff, Ardelia Gordon, and amends her complaint heretofore filed by striking from defendant's name, 'Inc., a Corporation', and by adding, after the words, 'Hailey and Bumpass, Contractors,' the words, 'a Partnership composed of J. S. Hailey and F. H. Bumpass'.

"Plaintiff avers that this amendment seeks to properly designate the legal entities subject to suit and intended to be sued in the first instance, and serves to correct the error made in the name of this defendant, and does not relate to a new party."

On October 18, 1961, the court ordered that the case be discontinued. The court order reads in part:

"Defendant Hailey and Bumpass introduced a duly executed copy of the contract of partnership, and the allegations of the verified plea were confessed by the attorneys for the plaintiff in each case. The Court therefore finds the issues in favor of the defendant in each case on the plea of nul tiel corporation.

"Plaintiff in each case has filed an amendment, the effect of which is to seek to substitute Hailey and Bumpass, Contractors, a partnership composed of J. S. Hailey and F. H. Bumpass, as the party defendant in these cases. The Court is of the opinion and so finds that Hailey and Bumpass, Contractors, Inc., a Corporation, and Hailey and Bumpass, Contractors, a partnership composed of J. S. Hailey and F. H. Bumpass, are two separate and distinct legal entities. Hailey and Bumpass, Contractors, Inc., a corporation, is the only defendant served with process, and the sole defendant before the Court. The so-called fictitious defendants are not fictitious, as their identity was disclosed by the duly verified plea filed in this Court on to-wit, July 15, 1960.

"Our cases hold that an action commenced against a corporation, and upon a plea of nul tiel corporation being filed, it cannot be amended to a suit against a partnership. The corporation and the partnership being separate legal entities, such an amendment works a complete change of parties and a discontinuance of the action. May v. Dothan Buick Co., 243 Ala. 37, 8 So.2d 448; Deason v. Alpine Coal Co., 22 Ala.App. 254, 114 So. 423; Roth v. Scruggs, 214 Ala. 32, 106 So. 182; Steele v. Booker, 205 Ala. 210, 87 So. 203. An amendment which works a complete change of parties effects a discontinuance of the action. Authorities, supra: McKelvey-Coats Furniture Co. v. Doe, 240 Ala. 135, 198 So. 128; Covington v. Robinson, 242 Ala. 337, 340, 6 So.2d 421."

The order denying the "motion for rehearing" was dated December 5, 1961.

On February 6, 1962, appellant filed objections to the transcript alleging that her amendment filed on October 11, 1961, was not included in the record. That amendment reads:

"Comes the plaintiff in this cause and amends her complaint heretofore filed in this cause by substituting as parties defendants the names, J. S. Hailey and F. H. Bumpass, in lieu of the words, 'John Doe and Richard Roe whose names are otherwise unknown, but will be supplied upon information.'"

The trial court ordered the amendment included in the transcript, and after explaining that the cause was actually submitted on October 10, 1961, but the order was not written until October 18, the court said:

"It appears from an inspection of the file in this case that there was an amendment filed by the plaintiff on October 11th, 1961 which sought to substitute as parties defendant the names of Hailey and Bumpass as individuals in lieu of the names of John Doe and

Richard Roe, fictitious defendants who had not been served.

"The court is of opinion that after the matter was submitted to it on October 10th, 1961, it was under consideration by the Court and no further amendment should be allowed. Appelant having filed his motion in the Office of the Clerk of the Court is entitled to have said amendment incorporated as a part of the record but the Court holds that said amendment was filed without any leave of the Court had and obtained. The ruling of the Court was based upon the state of the pleadings at the time of submission to it on October 10th, 1961."

The first question to be decided is whether the court erred in ordering the discontinuance on the pleadings and proof at the time of submission on October 10, 1961.

The cases of May v. Dothan Buick Co., 243 Ala. 37, 8 So.2d 448, and Deason v. Alpine Coal Co., 22 Ala.App. 254, 114 So. 423, are in point and support the holding of the lower court. In the first cited case, the plaintiff sued "Dothan Buick Company, a corporation" in trover and trespass. Later, the complaint was amended by striking the corporation and inserting in lieu thereof the names of the partners doing business as Dothan Buick Company.

Still later, the defendant appeared specially, as here, and filed its plea of nul tiel corporation. The circuit court and the Court of Appeals held that the cause had been discontinued. This court said on certiorari:

"The purpose and effect of the amendment was, not to change the description of the defendant in the summons and complaint by striking 'a corporation' and substituting the words 'partnership composed of J. M. Stallings and J. F. Stallings,' but its purpose and effect was to strike the original defendant and both counts of the original complaint, and substitute therefor the individuals doing business as a partnership, and charge trover and trespass against said individuals.

"This was an entire change of parties defendant and an entire change of the cause of action. Steele v. Booker, 205 Ala. 210, 87 So. 203; Alabama Great Southern R. Co. v. Lawler, 213 Ala. 119, 104 So. 412.

"The rulings of the circuit court and Court of Appeals are free from error."

The facts and the holding in the case of Deason v. Alpine Coal Co., 22 Ala.App. 254, 114 So. 423, are similar.

Appellant relies upon the cases of Ewart v. Cunningham, 219 Ala. 399, 122 So. 359, and Birmingham Coca-Cola Bottling Co. v. Sellers, 34 Ala.App. 355, 39 So.2d 706. In each of these cases the defendant was first sued as a corporation, and later the amendment showed that the defendant was a partnership.

The following statement occurs in both cases:

"The amendment designating the company sued as a partnership, rather than a corporation, worked no change of parties. It merely served to properly designate and bring into court the legal entity subject to suit and intended to be sued in the first instance."

The cases appear to be in conflict with those relied upon by the trial court in the instant case. But we think there is an important point distinguishing them, and that they each have a field of operation, and that they are not in conflict.

In the Ewart case, the identity of the defendant as a separate legal entity was *not* raised by a plea nul tiel corporation, and each individual partner was served after the amendment. It was properly held that the defendant had waived his right to have a discontinuance because of a complete change of parties.

The original record in the Sellers case shows that a plea of nul tiel corporation was the defendant's first pleading. Thereupon, the plaintiff amended by striking

**258**

the corporation and substituting the partnership and the individual partners, and the partners were duly served. The defendant then abandoned the plea, pleaded in short by consent and proceeded to trial. The only ruling of the court was the denial of a motion for continuance, and there was no ruling on the original plea because it was abandoned. Thus, there was a waiver in the Sellers case when the question raised by a special appearance was abandoned and the defendant made a general appearance. It follows that the Ewart and Sellers cases are not apt authority here because in the instant case, the cause was submitted on the sole issue of whether defendant was a corporation, under a verified plea provided for by Tit. 7, § 377, Code 1940. Also, the record here does not show any service of any of the amendments on the partnership or the partners. Since there was no waiver by defendant, the trial court correctly ruled that there was a discontinuance. May v. Dothan Buick Co., 243 Ala. 37, 8 So.2d 448; Deason v. Alpine Coal Co., 22 Ala.App. 254, 114 So. 423.

Appellant urges that the court erred in giving no consideration to the amendment filed on October 11, 1961, seeking to substitute the names of J. S. Hailey and F. H. Bumpass in lieu of John Doe and Richard Roe.

As already shown, the cause was submitted to the court on October 10, 1961, and no leave of the court to file the amendment was had or obtained from the court, and the ruling of the court "was based upon the state of the pleadings at the time of submission to it on October 10, 1961."

It would be extremely unfair to trial courts to hold them responsible for papers filed in the office of the clerk or register and not called to the court's attention in causes already submitted to the court for decision. This is especially so in many of our circuits where the judge does not reside in the county where the trial or submission was had, and has taken the file to his office in another county. A paper pertinent to the cause after submission should be called to the court's attention by the party filing same if consideration of it is sought while the cause is under advisement by the court.

We hold that the trial court did not err in failing to rule on an amendment filed after submission and not called to its attention prior to its decision on the matters under submission.

We doubt that the statute, Tit. 7, § 136, Code 1940, permitting fictitious parties, is apt in this cause. The statute is discussed in Roth v. Scruggs, 214 Ala. 32, 106 So. 182. The court said:

"Manifestly, the new statute covers primarily cases where the 'name' of defendant is unknown, not cases in which his identity is unknown. The chief field of operation is in emergency cases, where it is important to get service upon the party against whom plaintiff has a cause of action, but whose name is at the time unknown. Cases may arise in which a tort is committed by a person unseen and unidentified, but clues are at hand leading to a discovery of name and identity, and it is important to attach property or get service while within the jurisdiction of the court. We see no reason why this statute should not extend to the latter class. There may be others. The full application of a statute can best be determined as cases arise which call for its construction. We are clear it does not apply to a case where the plaintiff, by mistake, sues the wrong party, brings him into court, and, finding he has the wrong party, seeks to substitute another and different party. With all our liberal rules of pleading intended to promote justice our statutes have not authorized an entire change of parties in the course of suit. A suit may not be begun against one person and wind up with a judgment solely against a different person, unless he waives the change of parties. When the wrong person is sued, he is due to go out of court, and the new party is entitled to

have the suit date from the time he is sued.

"The new statute is not directed to amendments by adding new parties. It aims at getting into court the original party intended to be sued, using a fictitious name, until the true name is ascertained, and the proceeding amended accordingly."

Here, there was no need for a fictitious party after the filing of the plea of nul tiel corporation within thirty days after service of summons. The affidavit not only stated that defendant was not a corporation, but was "a partnership composed of J. S. Hailey and F. H. Bumpass." There could be no question as to the name or the identity of the defendants if the sworn plea was to be believed. As already shown, the affidavit was the first pleading filed by defendant on July 11, 1960, and the substitution for the fictitious names was not attempted until after submission of the cause to the trial court on October 10, 1961.

The judgment of the trial court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.