# Haralson *v.* George's Executor.

*Bill in Equity to enjoin Sale of Lands by Register in Chancery.*

1. *Sale of lands by register; purchaser's remedy for confirmation.*—When lands are sold by the register in chancery, under the order of the court, and he reports that the purchaser has failed to pay the purchase-money, in accordance with the terms of the sale, and a re-sale is thereupon ordered by the court, the purchaser cannot maintain an original bill to enjoin the re-sale, on the ground that he has in fact paid the purchase-money: his remedy is by objections to the register's report, and by motion or petition for a confirmation of the original sale.

2. *Estoppel by matter of record.*—When the purchaser at a sale made by the register in chancery, by agreement with the plaintiff in the decree, entered of record, prevents a confirmation of the register's report, and obtains an extension of the time for the payment of the purchase-money, he is estopped from afterwards raising the question of the payment of the purchase-money, as required by the terms of the decree under which the sale was made.

APPEAL from the Chancery Court of DeKalb.

Heard before the Hon. H. C. SPEAKE.

The bill in this case was filed on the 30th March, 1875, by William J. Haralson, against Alfred Collins, as the executor of the last will and testament of Charles D. George, deceased; and sought to enjoin and restrain the register in chancery from re-selling, under an order of said court, certain lands which he had sold, under a former order, on the

first Monday in September, 1870, and to obtain a confirmation of the original sale. The orders of sale were made in a certain cause, pending in said court, wherein said Collins, as executor, was the complainant, and the administrator of the estate of Peter J. Walker, deceased, was the defendant. At the sale, the lands were knocked down to said William J. Haralson, as the highest and best bidder, at the price of $4,000; and he alleged in his bill that he had paid the purchase-money to the complainant in the decree, by two bills of exchange on the Alabama and Chattanooga Railroad Company, and a subsequent payment of $1,500 in money. Alfred Collins, as executor, was made the only defendant to the bill. The bill prayed that an account might be taken between him and the complainant, as to these matters; "that if the payment of said bills of exchange should be held not to be good, whatever amount found to be due to said Collins, executor as aforesaid, be decreed to be paid by complainant, and the same be a lien upon said lands, and that the register be decreed to make title to said lands to complainant;" and also, that the register be enjoined and restrained from selling the lands until the further order of the court. An injunction was awarded by a circuit judge, on the filing of the bill. The defendant answered the bill, denying its allegations as to the payment of the purchase-money, and demurring to it for want of equity. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

RICE, JONES & WILEY, for appellant.

M. J. TURNLEY & SON, contra.

BRICKELL, C. J.—The appellee, on a bill filed to enforce a lien on lands, for the payment of the purchase-money, obtained a decree for the sale of the lands; and a sale was made by the register, at which the appellant became the purchaser. The register having made report, that the appellant had failed to comply with his bid, by paying the purchase-money, a re-sale was ordered, which the register was proceeding to make, in pursuance of the order, when the appellant filed this original bill, praying an injunction to restrain the register from executing the order of sale, on averments that he had paid the purchase-money to the appellee. A hearing was had, on pleadings and proofs; and the chancellor rendered a decree, dissolving the injunction, and dismissing the bill. From that decree, this appeal is taken.

1. The correctness of the decree of the chancellor seems

[ Haralson v. George's Executor. ]

to us indisputable. If the facts are as stated in the bill, an original bill, for an injunction to stay the re-sale, was not the appellant's remedy. Every court, whether of law or of equity, has an inherent power to control its own orders, decrees, and the execution of its own process. No court more frequently exercises this power than the Court of Chancery, in reference to sales made under its orders and decrees. These sales are not complete—are *in fieri*—until confirmation; subject to be vacated by the court; though the confirmation, when made, relates back to the day of sale, and the purchaser's rights then attach. He is regarded as the owner, from the day of his purchase ; bearing the loss, if the thing sold perishes, or deteriorates in value, and entitled to any appreciation in value, or accretions to the thing, during the time necessarily intervening between the sale and confirmation. From the day of purchase, until the decree of confirmation, the purchaser becomes a *quasi* party to the cause in which the decree of sale was rendered, subject, as such, to the decrees and orders the court may render in reference to the sale, its vacation, or confirmation.—*Smith v. Deaderick*, 6 Humph. 138. From the court, as an order in the cause in which the decree of sale was rendered, he must seek a confirmation of the sale, and the consummation of his contract of purchase. The confirmation is a matter of course; the fairness and regularity of the sale not being questioned by exceptions to the register's report. If he has complied with the terms of sale—paid the purchase-money, if such was the condition of sale, and the register fails or refuses to report the payment, a motion to the court, or a petition, would be the proper mode of procuring confirmation. Or, if the register reports the purchase-money unpaid, when in fact it has been paid, objections to the report, and to its confirmation, would be a proper method. While the cause, in which the decree of sale was rendered, is pending, the matter of sale is under the control of the court, and its jurisdiction to vacate or confirm must be invoked by some proceeding in that cause.—*Henderson v. Herrod*, 23 Miss. 434. The parties are all before the court, and subject to its orders ; the petition filed in the original cause becomes a part of it, and, with the previous proceedings, forms a single record. An original bill makes a new suit, and the proceedings in the former cause necessarily become incorporated with it, multiplying expense, confusing records, and protracting litigation. Besides, it is rather a novel proposition, that a chancellor should enjoin his ministerial officer from executing the order he had solemnly adjudged. If the order was improvident—if it is unjust to a party, who, without

[Haralson v. George's Executor.]

*laches* on his part, had not the opportunity of defending against it—the chancellor may, by proper order, stay its execution, until there is an opportunity of further inquiry, when all parties may be heard, and the improvidence corrected, or the injustice prevented. This relief would be obtained by petition, not by original bill.

2. Independent of this consideration, the decree of the chancellor is correct on the facts. The evidence does not support the averment that the bills of exchange were accepted by the appellee, in payment of the purchase-money for the lands. Prior to the filing of the present bill, the appellant had filed a bill, containing the averment that the purchase-money was paid by these bills. At the December term, 1872, of the Chancery Court, that bill was dismissed, in pursuance of an agreement in writing, made by appellant with the appellee, that all exceptions and objections to the report of the register that the appellant had not complied with his bid by paying the purchase-money should be withdrawn, and the register should not, under the order of resale, which was contemplated at that term, make sale, until after the succeeding term; and the appellant and his sureties were released from all damages on the bond for injunction given in that cause. The agreement further stipulated, if the appellant paid his bid, with the interest thereon, on or before the first day of the next term of the court, it should be accepted, and the sale to him confirmed. The agreement was kept, and acted on by the appellee. No order for the re-sale of the lands was made, until the December term, 1874, of the court. By this agreement, the appellant obtained benefits, and the appellee suffered detriment; and the decree dismissing the bill, and the agreement, alike estop the appellant from re-opening the question as to the payment of the purchase-money with these bills.

The evidence does not support the averment of the bill, that, subsequent to the agreement, the appellant paid the appellee fifteen hundred dollars, as part of the purchase-money. The appellant, doubtless, offered to make such payment, but the appellee refused to accept it, under the advice of his counsel. The money was then taken by him as a loan, with the expectation that, if the appellant was able to comply with his original bid, it would then be applied as part payment. There was not compliance, and it remains, as the parties intended, *a loan*.

The decree of the chancellor must be affirmed.