# Atlanta, B. & A. Ry. Co. *v.* McGill.

## *Killing Stock.*

(Decided December 16, 1913. 63 South. 1009.)

1. *Parties; Receivers; Description.*—Where the caption of a complaint named as defendant one Atkinson, followed by a comma, and the word "receiver," but there was no allegation or proof as to what he was receiver of, nor that defendant railroad company was operated by him or by any person as receiver, the word "receiver" was merely descriptio personae, and the complaint was not sufficient to charge him as receiver.

2. *Same; Designation.*—In the absence of a plea of misnomer, a description of defendant railroad company in a complaint as "A. B. & A. Railroad" was not objectionable.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Action by J. P. McGill against the Atlanta, Birmingham & Atlantic Railroad Company, and another, for damages for killing and injuring personal property. Judgment for plaintiff and defendant appeals. Reversed and remanded.

STELL BLAKE and CORNELIUS & CORNELIUS, for appellant. The complaint imported a suit against Atkinson individually, and not against him as receiver.—*Bryant v. So. Ry.,* 137 Ala. 491; *Lucas v. Pittman,* 94 Ala. 616; *Lowery v. Daniel,* 98 Ala. 451. Thus the case stands as a joint action against Atkinson and the railroad, and

the judgment cannot stand.—*Watts v. A. B. & A.* in MSS; 2 Mayf. 562. Charges B and C should have been given.—*C. R. R. Co. v. Ingram,* 95 Ala. 152; *A. G. S. v. McAlpine,* 75 Ala. 113.

R. J. HOOTEN, for appellee. No brief reached the Reporter.

MAYFIELD, J.—This action was by the appellee, against the appellants, to recover damages for the killing of two horses and the destruction of one surrey, to which the horses were attached. The case was tried on the general issue, and resulted in a judgment in favor of plaintiff and against both defendants.

There was no evidence whatever to connect the defendant Atkinson, either as an individual or as receiver with the injury. There was no evidence to show how or by whom the railroad was being operated at the time of the injury, or at any other time. If Atkinson had been sued as receiver, it might have required a sworn plea to deny the fact that he was the receiver; but he was not sued as receiver, nor is there either allegation or proof that the railroad was being operated by him, or by any other person as receiver. His name is not mentioned in the record, except in the caption of the complaint, where it is followed by a comma and the word, "receiver." This, under our decision, was merely descriptio personæ. If he was intended to be sued as a receiver, there was no attempt to allege or prove of *what* he was receiver.

The only description of the other defendant is the caption of the complaint, where it is given as "A. B. & A. Railroad," but there was no plea of misnomer, and hence this question is immaterial. But, as before stated, the evidence wholly failed to show whether this defend-

[North Birmingham Trust & Savings Bank, et al. v. Adams.]

ant, as a corporation, was operating the train that injured and destroyed the property, or whether some other corporation, or the receiver, was operating it. The only reference in the evidence tending to show that the injury was on, or committed by, the defendant, Atlanta, Birmingham & Atlantic Railroad occurs as a mere incident of, or introduction to, other evidence, and is as follows: "J. R. Carter was introduced by defendants as a witness, and testified that he remembered when the horses of plaintiff were killed and his surrey destroyed by the A. B. & A. Railroad in February, 1911." The general affirmative charge should have been given as requested by the defendant Atkinson, for the reason that there was no evidence tending to connect him with the suit.—*McGhee, et al. v. Cashin*, 130 Ala. 561, 30 South. 367.

As the case must be reversed, it is unnecessary to decide whether there was sufficient evidence to carry the case to the jury as to the other defendant.

Reversed and remanded. All the Justices concur.