[Atlanta, Birmingham & Atlantic Ry. Co., et al. v. McGill.]

# Atlanta, B. & A. Railway Co., *et al. v.* McGill.

## *Damages for Killing Property.*

(Decided October 14, 1915.   69 South. 874.)

1. *Parties; Substitution; Receiver.*—Where a receiver was appointed by the Federal Court to operate a railroad, and suit was brought against such receiver for injuries in its operation, and pending such suit the receiver sued resigned and the court appointed another receiver, it is proper to permit plaintiff to amend his complaint by striking out the name of the first receiver as a defendant, and inserting therein the name of his successor as such receiver.

2. *Railroads; Receiver; Personal Injury.*—Where the railroad was in the hands of a receiver, and being operated by such receiver and his agents at the time of the injury of plaintiff, the railroad itself is not liable, as in such cases the law holds the receiver and his agent liable in his representative capacity, but does not hold the corporation liable since it has been deprived by the receivership of the right to control its property.

3. *Receivers; Successor; Liability; Injuries.*—The successor of a receiver of a railway corporation is liable in an action brought against the first receiver in his representative capacity for injuries received by a plaintiff through the negligent operation of a railroad while in the control of the first receiver, as the proceedings were quasi in rem, binding the property or estate of the receiver in his representative capacity, rather than the receiver individually.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Action by J. P. McGill against the Atlanta, Birmingham & Atlantic Railway, and its receivers, for injury to property. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

STELL BLAKE, for appellant.

R. J. HOOTEN, for appellee.

MAYFIELD, J.—This is the second appeal in this case. A statement of the case may be found in the report of the former appeal.—184 Ala. 562, 63 South. 1009.

[Atlanta, Birmingham & Atlantic Ry. Co., et al. v. McGill.]

The complaint was amended on the second trial, by suing H. N. Atkinson, as receiver, and by adding a count charging that he, as receiver, was operating the railroad at the time of the injury complained of, thus alleging that he was sued in a representative capacity, and not as an individual.

It was made to appear that pending this suit Atkinson had resigned, or had been removed, as the receiver, and that the federal court in Georgia which originally appointed the receiver had appointed one E. T. Lamb, as receiver. The court then allowed the plaintiff to amend by striking out Atkinson as receiver, and inserting in lieu thereof the name of Lamb as receiver. The defendants separately and severally objected to each of these amendments; and, their objections being overruled, they each separately filed pleas, not guilty, and the statute of limitations of one year. The trial resulted in a verdict and judgment for plaintiff against both defendants, from which they appeal, and sever in the assignment of errors.

(1) There was no error in allowing the amendments of the complaint; in fact, under the circumstances, the amendments were proper as pointed out before on the former trial.

(2) There was, however, reversible error in refusing charge 5 requested by the defendant railroad company. That charge was as follows: "If the jury believe from all the evidence that at the time and occasion of the injury complained of the Atlanta, Birmingham & Atlantic Railroad Company were not, through its servants, operating the train, and that the train was being operated by a receiver, you cannot find the Atlanta, Birmingham & Atlantic Railroad Company liable on either count of the complaint as amended."

[Atlanta, Birmingham & Atlantic Ry. Co., et al. v. McGill.]

The charge undoubtedly asserted a correct proposition of law, and was applicable to the facts and issues on trial; and its refusal was necessarily prejudicial error. In fact, the railroad company would have been entitled to the affirmative charge, because the undisputed evidence showed conclusively that at the time of the injury the corporation was not operating the road as alleged, but it was then being operated by the federal court through its receiver, and that the railroad corporation was not liable for any negligence which the evidence tended to show caused the injury complained of.

It would be a great injustice for the law, acting through its courts and receiver, to deprive the railroad corporation of the custody and control of its property, and then proceed to operate it through and by receivers and their agents, and then hold the railroad company liable for the negligence of the receivers or their agents. The law is not so harsh or unjust. In such cases it holds the receivers and their agents liable, but not the corporation or person whose property, or the control of whose property, it has so assumed. The rule of law applicable to such cases is thus stated by Mr. High, in his valuable work on Receivers (4th Ed., pp. 549-551) : "Since receivers of a railway, who are vested with its absolute control and management, are thus liable for injuries resulting from negligence in operating the road to the same extent that the company itself might have been held liable, it would seem to be clear, upon principle, and in the absence of any absolute liability created by statute, that the corporation itself cannot be held responsible for the negligence of servants of a receiver operating the road. The receiver's possession is not the possession of the corporation, which cannot control either the receiver or his em-

ployees. And in an action against a railway company for damages for personal injuries, or for the killing of stock, alleged to have resulted from the carelessness and negligence of employees and servants, it is sufficient defense that the road, at the time of the alleged injury, was not in defendant's possession, but in the possession of a receiver, who had exclusive charge of the employment and management of the agents and employees engaged in operating the road. * * * So, where a railway is being operated by a receiver, the company cannot be held liable for failure to comply with a statute requiring the giving of a signal upon approaching a public highway, since compliance by the company with the statute would necessitate interference with the operation of the road by the receiver."

(3) There was sufficient evidence to carry the case to the jury as against the receiver Lamb, who was the successor in office of Atkinson. The action was against both in their representative capacity, and not individually; and the successor, in such cases, may be proceeded against for the negligence of the agents and servants of his predecessor in office in a case like the one on trial: The law on this subject is thus stated by Mr. High: "The liability of the receiver of a railway for the negligence or torts of his servants and employees in operating the road is not a personal one, and he is only liable in his official capacity as receiver or agent of the court, the proceeding being analogous to a proceeding in rem, and binding the property or estate, rather than the person of the receiver. It is therefore error to render judgment against a receiver in his individual capacity and to award execution thereon, and the judgment should be against the receiver as such, to be paid out of the funds held by him in that capacity in

due course of the administration of his receivership. So, when the receiver resigns and a successor is appointed, an action may be maintained against such successor and a recovery had against him for damages sustained by an injury occurring during the administration of the former receiver; the judgment being payable out of the funds in the hands of the successor in due course of administration. And, since the liability of a receiver in this class of cases is an official, and not a personal, liability, it constitutes no defense to such an action that a defect in the road which caused the injury existed when the property came into the receiver's possession, and that he had not had sufficient time to repair or to remedy such defect."—Id. pp. 557, 558.

For the error shown the judgment must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.