### BARNETT v. ALABAMA POWER CO.
### (3 Div. 700.)

(Supreme Court of Alabama.    April 16, 1925.)

1. **Receivers ⬦42—On confirmation of receiver's sale, title to property is vested in purchaser from date of sale.**

On confirmation of receiver's sale, title to property is vested in purchaser from date of sale, in so far as question of title is concerned.

2. **Receivers ⬦143—Purchaser at receiver's sale not liable for torts prior to confirmation or delivery of property.**

Purchaser at receiver's sale *held* not liable for wrongful conduct in use and operation of property by receiver under order of the court, prior to confirmation of sale and delivery of property to purchaser, in absence of a special contractual assumption by purchaser of such liability.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Wiley R. Barnett against the Alabama Power Company.    Plaintiff takes a nonsuit, and appeals from adverse rulings on pleadings.    Affirmed.

The plaintiff seeks to recover damages of the defendant company for a collision between his automobile and a street car operated on the street car line in Montgomery, on February 10, 1923.    As a predicate for the liability charged upon defendant the complaint alleges the following:

"At the suit of Doherty & Co. against the Montgomery Light & Water Power Company, originating by a bill filed in the District Court of the United States for the Northern Division of the Middle District of Alabama, an order and decree was rendered by said court on January 11, 1923, appointing S. B. Irelan as commissioner to sell, and directing and empowering said commissioner to sell to the highest, last, and best bidder all the equipment, property, rights, and franchise of the said Montgomery Light & Water Power Company, a corporation, at public outcry, and directing the commissioner, as receiver of the said Montgomery Light & Water Power Company, to con-

tinue to operate the properties until further orders of the court, all of which is made more fully to appear from said order and decree, a certified copy of which is hereto attached, marked exhibit A and made a part hereof, as if fully set out herein.    That on February 5, 1923, in pursuance of and under the authority of said order and decree of court, as above set out, said S. B. Irelan as such commissioner, offered for sale and sold all of the properties, equipments, rights, and franchise of the said Montgomery Light & Water Power Company, and on February 7, 1923, made report of his said acts and doings, in and about said sale under said order and decree, as will more fully appear from the report of said sale a certified copy of which is hereto attached marked exhibit B and made a part hereof, just as if fully set out herein.    That on February 21, 1923, the court made and entered an order and decree in said cause confirming in all things said sale and directing the said commissioner to make conveyance to and deliver to the Alabama Power Company, herein sued, all of the property, equipment, rights, and franchise of the Montgomery Light & Water Power Company ordered to be sold and on said day and date, said commissioner did in pursuance of and under the mandate of said order and decree, make conveyance to and did deliver to the Alabama Power Company, all of the property, equipment, rights, and franchise of the Montgomery Light & Water Power Company, a corporation, as will more fully appear from said order and decree confirming said sale, a certified copy of which is hereto attached, marked exhibit C and made a part hereof as if fully set out herein."

The exhibits to the complaint show that the order of sale of the date of January 11, 1923, provided that the property should be sold free from all liens and incumbrances other than certain existing liens, debts, and obligations (which included bonded indebtedness only and did not include liabilities for negligent operation by the receiver), providing at the same time that the receiver should continue to operate the property until the confirmation of such sale; that the receiver in fact continued to operate the street car line under the order of the court; and that, pursuant to the decree of confirmation, the property was turned over by the receiver to this defendant, as purchaser, on February 21, 1923—11 days after the collision complained of.

The trial court sustained a demurrer to the complaint, which assigned numerous grounds of objection thereto, and the plaintiff thereupon took a nonsuit, and assigns for error the ruling on the demurrer.

Lee & Graves, of Montgomery, for appellant.

The rights and liabilities of a purchaser at judicial sale, on confirmation relate back to the date of sale.    Haralson v. George's Ex'r, 56 Ala. 295; Thomas v. Caldwell, 136 Ala. 518, 34 So. 949; Patten v. Swope, 204

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 169, 85 So. 513; T. C. I. Co. v. Gardner, 131 Ala. 599, 32 So. 622; 16 R. C. L. 132; 35 C. J. § 135; 3 Ky. Law Rep. 386; 76 N. J. Eq. 406, 74 A. 987, 139 A. S. R. 770.

Steiner, Crum & Weil, of Montgomery, for appellee.

Defendant is not liable for the injury in this case. 1 Tardy's Smith on Receivers (2d Ed.) 1121; 34 Cyc. 236, 293; Archambeau v. N. Y. & N. E. R. Co., 170 Mass. 272, 49 N. E. 435; Tobin v. Cent. Vt., 185 Mass. 337, 70 N. E. 431; Memphis, etc., Co. v. Hoechner, 67 F. 456, 14 C. C. A. 469; Davis v. Duncan (C. C.) 19 F. 477; C. & O. v. McCammon, 61 F. 772, 10 C. C. A. 50.

SOMERVILLE, J. The complaint in this case states no cause of action against this defendant.

[1] It is true that the defendant company purchased the street car property at the receiver's sale thereof on February 5, 1923, and the collision complained of occurred on February 10th, following; and hence, upon the confirmation of the sale on February 21st, thereafter, the title to the property was, so far as the question of title was concerned, vested in the purchaser from the date of the sale. As said in Haralson v. George's Executor, 56 Ala. 295, 297:

"These sales are not complete—are in fieri—until confirmation; * * * though the confirmation, when made, relates back to the day of sale, and the purchaser's rights then attach."

Thomas v. Caldwell, 136 Ala. 518, 34 So. 949; Patten v. Swope, 204 Ala. 169, 171, 85 So. 513.

[2] But having the mere naked title to property does not impose liability for its wrongful or injurious use by another who has it in his possession and under his exclusive control.

Here the defendant had neither possession nor right of possession for any purpose at the time of the alleged negligent collision. On the contrary, the possession, the use, and the beneficial enjoyment remained in the receiver, an officer of the court, and he was operating the car lines under the order of the court for the benefit of the creditors, or of the previous owner. It has been held that the owner who has been dispossessed by a receiver is not liable for the wrongful conduct of the receiver or his servants in the use or operation of the property. A. B. & A. Ry. Co. v. McGill, 194 Ala. 186, 69 So. 874; Steel v. Booker, 205 Ala. 210, 87 So. 203; 34 Cyc. 236, E. The same rule is applicable, a fortiori, to a mere purchaser from the receiver. 1 Tardy's Smith on Receivers (2d Ed.) § 410; Tobin v. Cent. Vermont R. R. Co., 185 Mass. 337, 70 N. E. 431; Archambeau v. N. Y., etc., R. R. Co., 170 Mass. 272, 49 N. E. 435.

It is of course true that the purchaser at such a sale might, by contractual assumption, become liable for the wrongful conduct of the receiver or his servants during the period of the receiver's possession and control of the property, and growing out of its use and operation.

"As a general rule, the purchaser of a railroad at a sale made under an order of the court holding the custody of the property by a receiver takes the property free from claims against the receiver arising out of the operation of the road, but the court ordering the sale may impose upon the purchaser liability for such debts, as a part of the consideration of his purchase." 23 R. C. L. 100, § 111, citing Houston, etc., R. R. Co. v. Crawford, 88 Tex. 277, 31 S. W. 176, 28 L. R. A. 761, 53 Am. St. Rep. 752.

But the order of the court, and the terms of the sale, as here exhibited, expressly exclude any such assumption of liability by this defendant.

The complaint therefore shows upon its face that the defendant company is not liable for the alleged injury suffered by the plaintiff, and the demurrer to the complaint, pointing out that vice, was properly sustained.

The judgment must accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.