199 So.2d 659

## JACK COLE CO.

v.

**Bonnie D. HAYS, Administratrix.**

I Div. 376.

Supreme Court of Alabama.

June 1, 1967.

Armbrecht, Jackson & DeMouy, Mobile, for appellant.

Cunningham, Bounds & Byrd, Mobile, for appellee.

HARWOOD, Justice.

This is an appeal from a judgment in favor of the plaintiff, damages being fixed at $2,604.00.

The defendant's motion for a new trial being overruled, it perfected an appeal to this court.

The action was commenced in the name of Garland D. Hays as plaintiff. Hays died on 31 January 1966. Bonnie D. Hays, his wife, was appointed administratrix of his estate on 29 March 1966, and on motion the cause was duly revived in the name of the administratrix.

The injuries to Mr. Hays (who died of an illness unrelated to the injury) were sustained when the tongue of a test stand swung down and struck his foot as he raised the door of the trailer in which the test stand had been loaded.

The test stand is of metal and mounted on wheels. A metal tongue is attached to one end for moving the machine about. The tongue is also of metal and weighs an estimated 50 to 75 pounds.

Appellant's assignments of error 4, 6, and 7, properly argued together, are to the effect that the court erred in overruling the demurrer to the complaint on those grounds asserting that the complaint, which was in one count, failed to allege the existence of, or any breach, of duty owed by the appellant to the appellee.

We shall consider this threshold question first.

The complaint, as amended, in parts material to the question presented by assignments 4, 6, and 7, reads:

"* * * the Defendant, Jack Cole Co., was engaged in the business of transportation and carriage of freight for hire in City and County of Mobile, Alabama; that on the aforesaid date or immediately prior thereto, the Defendant, pursuant to said business, loaded a piece of equipment known as a 'test stand' on one of its trailers to be transported to Brookley Air Force Base, Mobile, Alabama, for a valuable consideration to be paid to Defendant by Plaintiff's employer, the United States Government. Plaintiff avers that said 'test stand' had a tongue attached to it and when said equipment was loaded by the Defendant, the Defendant negligently failed to secure the said tongue on said 'test stand' to prevent it from falling out when the trailer door was opened and injuring persons engaged in the unloading of said trailer.

"Plaintiff avers that at the aforesaid time and place, he was engaged in unloading the said trailer of the Defendant pursuant to his duties as an employee of the United States Government at Brookley Air Force Base and when the door to said trailer was opened, the 'test stand' tongue fell out and struck the Plaintiff, proximately inflicting upon the Plaintiff the following injuries and damages: * * *

"Plaintiff avers that all of his injuries and damages are the direct and proximate result of the negligence of the Defendant in negligently loading said 'test stand' in said trailer as aforesaid without securing its tongue."

■ In Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443, the rule is repeated that:

"While general averments as to the breach of the duty such as that the act

or omission causing the injury was negligently done or omitted will suffice, a complaint, to withstand appropriate demurrer, must state facts upon which the law raises and *defines* the duty owing from the defendant to the plaintiff, and to this end the facts stated must either relieve the plaintiff of the imputation that he was a wrongdoer, or show that the injury was the result of negligence occurring after the discovery of peril." (Citations omitted.)

█ Measured by this test, we think the present complaint does allege a breach of duty owed by the appellant to appellee. It avers that the appellant, pursuant to its business as a carrier for hire, loaded the test stand in one of its trailers to be transported to Brookley, for a consideration to be paid by appellee's employer, the United States Government; that the test stand had a tongue attached to it which appellant negligently failed to secure the test stand to prevent it from falling out when the trailer door was opened and injuring persons engaged in unloading the trailer; that at the time and place the appellee was engaged in unloading the trailer, *pursuant to his duties as an employee* of the United States Government and when the trailer door was opened the tongue of the test stand fell out and struck the appellee, proximately inflicting upon the appellee injuries thereafter set forth, and that said injuries were the proximate result of the negligence of appellant in *negligently* loading the test stand in the trailer without securing the tongue.

Thus sufficient facts were set forth to raise a duty owing by appellant to appellee.

No error resulted from the action of the court in overruling the demurrer to the complaint.

Assignments of error 14, 15, 16, and 17, question the action of the court below in refusing appellant's requested charges affirmative in nature.

In the trial below, the plaintiff's evidence tended to show that on the date of the accident Garland Hays attempted to assist James R. Williams, another employee of the United States Government at Brookley Air Force Base, to open the door at the rear end of a trailer. The trailer had been backed up to a loading dock. As they tugged at the door it went up, and the tongue of the test stand fell forward hitting Hays on his right foot.

Both Williams and Hays, who had testified by deposition prior to his death, stated they did not observe any wire of any kind that had been used in attaching the tongue to the stand.

There was introduced through the witness Williams, as plaintiff's exhibit, copies of a bill of lading and a consignee copy of a Jack Cole freight bill showing the trailer number to be 4193. Williams testified that the bill of lading and Jack Cole freight bill covered the contents of the trailer, including the test stand.

Mrs. Bonnie D. Hays, widow of Garland Hays, testified that Mr. Hays died of cancer on 31 January 1966. It is undisputed that the cancer was in no way related to Hays' foot injury.

William Lee Brewer, a truck driver for Jack Cole Company, a witness for the appellant, testified that he loaded the test stand into a Rock Island trailer No. 4193, which Jack Cole was using in interchange with Rock Island. This took place at the Jack Cole Terminal in Mobile. The test stand was picked up from one trailer by a fork lift, taken across a loading dock, and placed in the Rock Island trailer. At this time the tongue was fastened to the stand by means of four or five strands of aluminium wire. Brewer testified he did nothing in moving the test stand to disengage the tongue from the stand.

After loading the stand in the trailer, Brewer closed the door of the trailer and pulled the trailer from the Jack Cole Termi-

nal to Brookley Air Force Base where it was received.

· James L. McMichael, a truck driver and checker for Jack Cole Company, testified he observed Brewer load the test stand as testified to by Brewer. At this time the tongue was secured to the stand with plaited wire with short pieces of each end of the wire standing out about an inch. He did not see Brewer check on the security of the tongue fastening by pulling on the tongue.

It is the contention of counsel for the appellant that the appellee has failed in her proof of any negligent loading of the test stand by the appellant, and that liability can be placed upon the appellant only by resort to speculation.

Here the evidence is uncontradicted that the appellant loaded the test stand on the trailer in question. The gravamen of the action was the negligent loading of the test stand. Appellant's witness, Brewer, testified on cross examination that safe loading procedure required that all freight be made secure within a trailer, and that equipment improperly secured is no better than an absence of securing. As to whether the tongue was secured to the stand was the subject of contradictory evidence, that of the appellee tending to show that the tongue was not so secured.

While counsel for appellee alludes broadly in brief to the doctrine of res ipsa loquitur, we see no need for the application of this doctrine to the exigencies of this case.

■ It is well settled that circumstances attending an injury may be sufficient to establish negligence without direct proof thereof. Chamberlain v. Southern Ry. Co., 159 Ala. 171, 48 So. 703.

■ More than a mere injury was shown by the evidence below. There was evidence from which the jury could have reasonably inferred that the negligence of the appellant in the manner of loading the stand, that is, without properly securing the tongue, was the proximate cause of appel-

lee's injury. The testimony warranted the inference that the falling of the tongue might reasonably be attributed to the improper loading of the test stand, which would constitute negligence. Western Steel Car and Foundry Co. v. Cunningham, 158 Ala. 369, 48 So. 109.

No error resulted from the refusal of appellant's requested charges affirmative in nature, and assignments of error 14, 15, 16, and 17, lack merit.

Assignment of error No. 2 asserts error because of the court's denial of appellant's motion to exclude the evidence made at the conclusion of appellee's evidence, and after appellee had rested.

■■ The granting of a motion to exclude the evidence is never proper in this jurisdiction, (Robinson v. Morrison, 272 Ala. 552, 133 So.2d 230), although a trial court will not be put in error in *granting* such motion, even though procedurally improper, where the plaintiff's evidence does not make out a prima facie case. Stewart v. Peabody, 280 Ala. 5, 189 So.2d 554, and cases therein cited.

Assignment of error No. 8 is to the effect that the court erred in entering judgment on the verdict against this appellant in that the verdict was in fact rendered against a defendant other than the appellant.

In the original complaint the defendant (appellant) was designated as "Jack Cole Company, Inc., a Corporation"; in the first amended complaint as "Jack Cole Co., a Corporation"; in the motion to revive as "Jack Cole Co., Inc."; and in the complaint as last amended as "Jack Cole Co., Inc., a Corporation."

■ Thus the appellant in all the pleadings was designated as "Jack Cole Company," and though its corporate description was set forth differently in some of the pleadings, it was throughout designated a corporation.

■ There was no change of parties brought about by the technical descriptions in the pleadings. The defendant sued was the Jack Cole Company, and the changes in the designations as "Inc." or "a Corporation", etc., were merely descriptive. Sec. 239, Title 7, Code of Alabama 1940, and cases cited thereunder. Further, the proper method of raising an objection as to a misnomer or misdescription is by a timely plea in abatement (Atlanta, B. and A. Ry. Co. v. McGill, 184 Ala. 562, 63 So. 1009), and if not so pleaded, is regarded as waived. Lehman, Durr and Co. v. Warner, 61 Ala. 455.

Assignment of errors 13 and 14, assert error in the action of the court in admitting, over appellant's objection, Exhibit No. 3. This exhibit consists of several papers described as being a "memorandum copy of a Government bill of lading" and a "Jack Cole carrier freight bill." The exhibit was introduced in evidence through the witness Williams who testified that the documents covered part of the contents of the trailer, and specifically covered the test stand. While he could not pick out the test stand in the items with absolute certainty without looking on the voucher number, it would appear that the test stand would be one of the two items billed as compressors.

It is appellant's contention that Williams' statement that the test stand was included in the documents was a mere guess, and furnished no basis for admission of the documents. We do not so interpret Williams' testimony in this regard. It was positive to the effect that the test stand was listed in the documents, but the witness would have to consult the voucher number to identify the test stand by item number in the documents.

Even so, appellant's own witnesses testified that the test stand was loaded on the trailer by Jack Cole employees. The matter therefore relates to evidence about which there is no contradiction.

Assignment of error No. 23, relates to the refusal of the court to give the following charge requested in writing by the appellant:

"The Court charges the jury that there has been no allegation made by the Plaintiff that the injuries complained of to Garland D. Hays were in any way related to his death; therefore, the Plaintiff is not entitled to recover any damages for future pain and suffering, if any, beyond the date of Mr. Hays' death."

Hays was injured on 8 February 1965. He died of cancer on 31 January 1966, nearly a year later. The court charged the jury that both sides had brought out that the death of Mr. Hays was in no way attributable to the accident, "so you cannot consider his death in measuring damages."

■ While the charge might properly have been given, the evidence introduced related only to the time between the injury and Mr. Hays' death, and it is inconceivable that any jury would attempt to award damages for pain and suffering beyond the life of the injured person. We conclude that the appellant was not probably injured in any substantial right by the refusal of the charge, and we therefore are unwilling to cast a reversal of this judgment on this incident. Sup.St.Rule 45.

Assignment of error No. 27, asserts error in the action of the court in denying appellant's motion for a new trial on those grounds of the motion alleging that the damages awarded were excessive.

The only item of compensatory damages, other than for pain and suffering, established by the evidence, was $104.00, for wages lost for five days. Thus $2500.00 of the damages must be attributed to damages for pain and suffering.

■ The medical records show that Hays received a comminuted fracture of the little toe, and contusions of the other toes of his right foot when the tongue fell on his foot. His foot was placed in a cast, extending up to his knee for about five weeks. He had trouble with his leg swell-

ing while in a cast, and when he returned to work, he requested and was granted a job of truck driving because of the injury to his foot. At the time Hays testified by deposition on 16 November 1965, he testified that the foot still hurt and bothered him.

Mrs. Hays testified that Mr. Hays' foot hurt him even when he was in the hospital for his cancer operation. From the time it was hurt it would frequently pain him at night, and he would have to take pills for pain. Often he would come home from work and have to soak his foot in hot water.

The power vested in courts to disturb a jury's award of damages should be exercised with great caution. Southern Ry. Co. v. Stallings, 268 Ala. 463, 107 So.2d 873. An appellate court should exercise this power with extreme caution where the trial court has refused to disturb the damages in considering the matter on a motion for a new trial. Brandwein v. Elliston, 268 Ala. 598, 109 So.2d 687. Nor will the amount of damages awarded by a jury be altered merely because in the opinion of the court the jury fixed damages too high or too low, unless of course the amount of damages awarded is so far out of line as to indicate bias, prejudice, or passion on the part of the jury. Smith v. Cullen, 270 Ala. 92, 116 So. 2d 582; Iverson v. Phillips, 268 Ala. 430, 108 So.2d 168. Further, the value of today's inflated dollar is a factor in determining the true value of damages awarded. Magic City Bottling Co. v. Tolbert, 34 Ala. App. 516, 41 So.2d 619; Birmingham Electric Co. v. Thompson, 251 Ala. 465, 37 So.2d 633.

Under the above guide lines, and the evidence presented, we find no justifiable basis for concluding that the amount of damages awarded by the jury was the result of bias, prejudice, or passion.

Assignment of error No. 26, is to the effect that the court erred in overruling appellant's motion for a new trial. This is a vicarious assignment of every ground of the motion for a new trial, and is sufficient to invoke our review of each ground of the motion for a new trial brought forth and argued in appellant's brief. Under this assignment, appellant has presented grounds 25, 26, 30–34, of its motion for a new trial, all of which go to the sufficiency of the evidence to sustain the verdict and judgment entered pursuant thereto.

Counsel for appellant has argued in particular that the preponderance of the evidence shows that the tongue was wired to the test stand when loaded in the trailer. This overlooks the testimony of Hays and Williams, witnesses for the appellee, that they observed no wires securing the tongue to the stand immediately following Hays' injury. This contradiction presented a question of fact for resolution by the jury. Under the testimony of appellant's witnesses, proper loading procedures would have dictated that the tongue be secured. If it was not so secured, the test stand was improperly loaded in the trailer, and such condition was sufficient for the jury to reasonably infer negligence on the part of the appellant in so loading the test stand.

We find no errors in this record necessitating a reversal of this judgment.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.