Coley Ronald SCOTT, Jr. and
Tammy Scott, Plaintiffs,

v.

ABF FREIGHT SYSTEMS,
INC., Defendants.

No. CIV.A. 03–A–193–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 1, 2004.

1170

# MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

## I. INTRODUCTION

█ This case is before the court on a Motion for Summary Judgment filed by the Defendant, ABF Freight Systems, Inc. ("ABF"), and on two Motions to Strike filed by ABF.[1]

The Plaintiffs, Coley Ronald Scott, Jr. ("Scott") and Tammy Scott (collectively "the Plaintiffs"), bring claims in this court, on the basis of diversity jurisdiction, for negligent and wanton loading (Count One), negligent and wanton failure to secure (Count Two), negligent and wanton failure to warn (Count Three), and loss of consortium (Count Four).

For the reasons to be discussed, the Motion for Summary Judgment is due to be DENIED in part and GRANTED in part.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving par-

Michael J. Crow, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, for plaintiffs.

William Sidney Haynes, Robert A. Huffaker, Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, AL, for defendants.

---

1. ABF filed a Motion to Strike Coley Ronald Scott Jr.'s affidavit on the basis that it was not notarized. The Plaintiffs filed a supplemental affidavit which was notarized. ABF then filed a Motion to Strike the supplemental affidavit as untimely. In response to an Order of this court to show cause why the motions ought not be granted, counsel for the Plaintiffs have represented that the notarization was omitted from the original affidavit through the inadvertence of counsel while he was out of his office. ABF has reiterated in reply that the supplemental affidavit is tardy. Although the court agrees with the Defen-

dants that the Plaintiffs should have submitted all of their evidence in a complete form in a timely manner, because ABF was aware of the content of the evidence within the time allowed, the court discerns no prejudice to ABF in considering the late-filed notarized affidavit. Accordingly, the Motion to Strike the Plaintiff's Supplemental Submission is due to be DENIED. Counsel for the Plaintiffs is cautioned to ensure in the future that filings on behalf of his clients are accomplished in a timely manner, and include all evidence in the form required for consideration by the court.

ty is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–24, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

In September 2002, Scott, an employee of Harbin Freightliner ("Harbin"), suffered an injury at work which has left him with nerve damage and has impaired his use of his lower extremities. The Defendant ABF is a freight carrier which generally delivers freight to a facility where other companies like Harbin transport the trailer and load the freight onto other trailers bound for specific destinations. The freight involved in this accident had been loaded onto a trailer by ABF. The freight consisted of 10 to 12 windows [2] in boxes which were stacked vertically and pallets of gloves. Each pallet of gloves weighed approximately 1,000 pounds. The windows had been stacked in a vertical manner to the left inside the trailer. The glove pallets were used to brace the exposed sides of the stacked windows.

The trailer was delivered to Harbin where a forklift was used to remove the glove pallets. Jake Freeman, a Harbin employee, told Scott to be careful because "that stuff could fall." Freeman Dep. page 11, lines 12–13. The windows stood upright without being braced. Scott went into the trailer to retrieve a small box of freight approximately 20 minutes after the glove pallets has been removed. While he was inside the trailer, a freight window fell on Scott's head and knocked him to the floor of the trailer. Scott had not touched the window prior to it falling on him. The accident caused fractures of Scott's verte-

---

**2.** This freight is also sometimes referred to as steel doors. Because Scott refers to "win-dows" in his affidavit, that is the description the court adopts in its discussion.

brae, resulting in nerve damage from the chest down and limited use of his lower extremities.

## IV. DISCUSSION

The Plaintiffs concede that summary judgment is due to be GRANTED as to the negligent and wanton failure to warn claims asserted in Count Three of the Amended Complaint. Plaintiffs' Memorandum Brief at unnumbered page 25. Therefore, summary judgment will be granted as to this claim. The court now turns to ABF's grounds for summary judgment as to the claims asserted in the Amended Complaint in Counts One, Two, and Four.

ABF has moved for summary judgment as to the negligence claims in Counts One and Two, arguing that these counts are duplicative, and also that there is no evidence of negligence, or that there is evidence that an affirmative defense to a negligence claim applies.

■ To establish a claim for negligence under Alabama law, a plaintiff must demonstrate (1) an obligation owed by the defendant to the plaintiff, (2) a breach of the standard of care applicable to that obligation, (3) causation, and (4) damage. *Hilliard v. Huntsville Elec. Util. Bd.,* 599 So.2d 1108, 1110 (Ala.1992).

■ In Count One, the Plaintiffs allege that ABF negligently loaded the trailer, and in Count Two the Plaintiffs allege that ABF failed to properly secure the freight. ABF argues that, although the Plaintiffs have separate negligence claims in Counts One and Two, in response to an interrogatory about the factual basis for claiming negligence the Plaintiffs stated that the freight should have been secured to the wall. The Plaintiffs now argue, and present evidence in an attempt to support their arguments, that ABF improperly loaded the windows by standing them up, even though the manufacturer's box said to do

so, that ABF should have placed the windows on their edges or placed them on a pallet, and that there were other alternatives to brace the freight including straps, load locks, and e-track. ABF contends that there is no separate claim in Count One based on negligent loading in view of the answer to the interrogatory.

Because ABF was put on notice that different negligence and wantonness theories were being asserted in the Amended Complaint, and because ABF has not demonstrated that it has been prejudiced by the assertion, based on evidence obtained through depositions, of a theory other than that the freight should have been attached to the wall as stated in Count Two, the court concludes that summary judgment is not due to be granted on the claim in Count One merely on the basis that only the theory in Count Two was articulated in the answer to the interrogatory.

■ With regard to the claim that ABF was negligent in loading the freight, ABF states that it loaded the freight in accordance with the manufacturer's directions and according to industry standards. The boxes containing the windows had arrows on them which indicated that they were to be kept standing upright. ABF also states that the method it used to brace the windows is a method employed by the industry; namely, bracing freight with other freight.

■ The Plaintiffs argue that even though ABF has offered evidence of an industry custom, this evidence fails to eliminate liability under Alabama law, citing cases. Although ABF argues that the cases the Plaintiffs cite are distinguishable because they involved products liability, there is at least one case in which the court has applied the concept that "customary practices do not furnish a conclusive test of negligence" in a case involving an allegation of negligence against a city in

its placement of traffic signals. *See Elmore Co. Comm'n v. Ragona*, 540 So.2d 720, 726 (Ala.1989). Because evidence of industry custom is not dispositive, ABF's evidence that it loaded the freight in accordance with the manufacturer's instructions and in a manner consistent with industry practice, while it may ultimately be given weight by the jury, does not entitle it to summary judgment.

■ ABF further contends that there is no proximate cause for a negligence claim because the windows were not a falling hazard when they were braced with the glove pallets, so the removal of the glove pallets by Harbin employees was an intervening cause of the accident. ABF also points to testimony from a Harbin employee, Jeff Rambo, *see* Rambo Dep. at page 18 lines 7 to 21, and states that removal without re-bracing or "kicking out" the bottom of the first door caused the unbraced and unstable condition.

■ To be an intervening efficient cause which breaks the chain of causation, a plaintiff's conduct, or the conduct of others, must occur after the defendant's negligent act, be unforeseeable to the defendant at the time he acts, and be sufficient to be the cause in fact. *Gilmore v. Shell Oil Co.*, 613 So.2d 1272, 1275 (Ala.1993). The plaintiff's action also must be "so highly extraordinary or unexpected that it can be said to fall without the realm of reasonable foreseeability as a matter of law" and must be more than merely contributory negligence. *Id.*

■ The court cannot agree that ABF has demonstrated that there is no question of fact as to the issue of proximate cause. "Proof of negligence may be established completely through circumstantial evidence, and if there is evidence that points to any plausible theory of causation, there is a basis for recovery." *Elba Wood Products, Inc. v. Brackin*, 356 So.2d 119, 123 (Ala.1978). As the court understands the

evidence, at least one pallet of gloves was between the doors of the trailer and the freight windows at issue. It would appear, therefore, to be foreseeable that the glove pallet bracing would be removed before the windows were removed, causing the windows as loaded by ABF to become unbraced. The unusual facts of this case are that there were windows which needed to be secured, the windows were secured by being braced with other freight, and when the bracing was removed, the windows stood on their own for about 20 minutes before they fell without being touched or moved. It would be reasonable for a jury to conclude from these facts that the windows simply fell of their own weight after having stood unbraced for a period of time.

In *Jack Cole Company v. Hays*, 281 Ala. 118, 199 So.2d 659 (1967), the defendant's evidence showed that when freight was loaded it was secured. The freight which the defendant said was secured, however, struck the plaintiff when the trailer was opened. The plaintiff argued the freight must not have been secured. The defendant argued that the plaintiff's position that the freight was not properly secured had not been proven and was mere speculation. The court concluded that a jury could have inferred negligence in the manner of loading, and that it need not apply the doctrine of res ipsa loquitur to find a question of fact as to negligence, because "circumstances attending an injury may be sufficient without direct proof thereof." *Id.* at 663.

■ Under the same reasoning, a reasonable jury could conclude that ABF was negligent in failing to secure or load the windows in a manner which would make them stable even once the bracing which was in front of them was removed. Under the facts as established for purposes of ruling on the Motion for Summary Judg-

ment, the windows stood on their own for 20 minutes and fell without having been moved or touched. Therefore, whether another employee of Harbin, or Scott himself, should have rebraced the windows immediately after the pallets were removed seems to the court to be a question of fact which precludes granting summary judgment on a theory that there was an intervening cause.

ABF also argues that Scott was contributorily negligent and assumed the risk as a matter of law. ABF points to evidence that Scott was specifically warned that the windows could fall. *See* Freeman Dep. at page 11 lines 12–13.

Assumption of the risk is established if the evidence shows that (1) the plaintiff has knowledge of the condition, (2) the plaintiff appreciates the danger or risk posed by that condition, and (3) a voluntary, affirmative exposure to the danger or risk. *Sprouse v. Belcher Oil Co.,* 577 So.2d 443, 444 (Ala.1991).

It is undisputed in this case that Scott was warned that the windows were unbraced when he entered the trailer. The issue for this court, therefore, is whether this fact establishes contributory negligence or assumption of the risk as a matter of law. In evaluating the application of these defenses, this court must also consider the testimony pointed to by the Plaintiffs that the windows had been standing unbraced in the trailer for approximately 20 minutes before Scott entered the trailer.

With respect to the assumption of the risk defense, Scott has stated that he subjectively did not perceive a risk posed by the windows because they had been standing unbraced for a 20 minute period of time. *See* Plaintiffs' Supplemental Submission, Exhibit A. Whether a plaintiff subjectively appreciated danger is generally a jury question. *Caudle v. Patridge,* 566 So.2d 244, 248 (Ala.1990). The court

concludes, therefore, that summary judgment is not due to be granted on the basis of an assumption of the risk defense.

The Plaintiffs also argue that there is no contributory negligence because it was not foreseeable that the windows would fall because they were not unstable. Jeff Rambo has testified that Scott did not touch the freight windows, Rambo Dep. at page 10 lines 20–3, and that he did not see the trailer itself move while Scott was inside. *Id.* at page 41 lines 6–8.

Contributory negligence is established if a plaintiff has (1) knowledge of the condition, (2) appreciation of the danger, and (3) fails to exercise reasonable care with such knowledge and appreciation of the danger. *See Wallace v. Alabama Power Co.,* 497 So.2d 450, 457 (Ala.1986). The "question of the existence of contributory negligence is normally one for the jury." *Wyser v. Ray Sumlin Constr. Co.,* 680 So.2d 235, 238 (Ala.1996).

ABF argues that the Plaintiffs' position is inconsistent with the argument that ABF should have foreseen that windows braced only with the glove pallets would fall when the pallets were removed. In other words, ABF argues that if it was foreseeable to ABF that the windows would fall without proper bracing, it should have also been foreseeable to Scott, so that in exercising due care, he would not have entered the trailer without applying bracing to the freight.

As was discussed above, a reasonable jury could conclude that it was foreseeable to ABF that the windows would become unbraced when the glove pallets were removed and could fall. There is no evidence that any agent of ABF witnessed the unbraced windows standing for a period of time on their own without falling. Therefore, the fact that the windows stood

on their own for approximately 20 minutes does not mean that the windows falling when unbraced was not foreseeable. Scott, on the other hand, has testified that he was aware that the freight windows had stood without falling. Plaintiffs' Supplemental Submission, Exhibit A. Therefore, it appears to this court that a reasonable jury could conclude that even though Scott knew the windows were no longer braced, in light of the fact that the windows were unbraced without falling for 20 minutes, Scott's actions in entering the trailer without assistance were reasonable.

The Alabama Supreme Court has concluded that a question of fact was raised as to assumption of the risk and contributory negligence under somewhat similar facts. In *Elba Wood Products, Inc. v. Brackin,* 356 So.2d 119, 124 (Ala.1978), a question of fact was raised as to contributory negligence and assumption of the risk where a plaintiff commenced and continued unloading logs even though the plaintiff knew that a forklift had not yet moved into position to brace the load of logs, and where the plaintiff testified that he assumed the forklift was in position or was getting into position, but he did not know for certain that it was in position. This court concludes, therefore, that a question of fact has been raised as to the defenses of contributory negligence and assumption of risk in this case.

Because the negligence claims in Counts One and Two are essentially claims of alternative theories of liability; namely, that ABF improperly loaded the freight in an upright manner, or that it improperly failed to secure it, either of which could establish negligence and as to which questions of fact as to the defenses of contributory negligence and assumption of risk have been created, summary judgment is due to be DENIED as to the negligence claim in both counts.

ABF has also moved for summary judgment as to the wantonness claims in Counts One and Two. Wantonness is conduct which is carried on with a reckless or conscious disregard of the rights or safety of others. *Ala.Code* § 6–11–20(b)(3) (1993). To establish wantonness, the Plaintiffs must prove that ABF consciously did some act or omitted some duty, "while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Barker v. Towns,* 747 So.2d 907, 909 (Ala.Civ.App.1999). "Simple negligence is the inadvertent omission of duty; and wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted." *Dorman v. Jackson,* 623 So.2d 1056, 1058 (Ala.1993) (citations omitted).

ABF states that there is no evidence that it consciously and intentionally improperly loaded the windows or improperly secured the windows. The Plaintiffs respond that ABF had actual knowledge that falling freight could cause personal injury. This evidence does not rise to the level of creating a question of fact as to wantonness, however. This case is unlike cases of the Alabama Supreme Court in which there was a question of fact as to wantonness where there was evidence of knowledge or consciousness as to the safety of a particular method of unloading freight. *See, e.g., Mead Coated Board, Inc. v. Dempsey,* 644 So.2d 872, 875 (Ala. 1994). The court has not been pointed to evidence in this case that establishes that ABF knew of the inadequacy of the bracing of the windows. The evidence in this case is that ABF braced the windows with other freight in an attempt to secure them, and that this practice was a recognized industry practice. Although the method ABF used may have been insufficient un-

der the circumstances, and could be found by a reasonable jury to have been negligent given the foreseeability that the bracing for the freight would be removed and no other bracing would be in place, the court agrees with ABF that there is insufficient evidence for a reasonable jury to conclude that ABF's actions were wanton.

ABF also moves for summary judgment as to Tammy Scott's loss of consortium claim on the ground that it is derivative her husband's claims. Because the court has concluded that questions of fact have been created as to the negligence claims, the court also concludes that summary judgment is due to be DENIED as to the loss of consortium claim.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Strike (the unnotarized statement) (Doc. # 26) is GRANTED and the Motion to Strike Plaintiff's Supplemental Submission (the notarized statement) (Doc. # 29) is DENIED.

2. The Motion for Summary Judgment (Doc. # 21) is GRANTED as to the wantonness claims in Counts One and Two and as to Count Three and judgment is entered in favor of ABF Freight Systems, Inc. and against Coley Ronald Scott, Jr. and Tammy Scott on those claims.

3. The Motion for Summary Judgment (Doc. # 21) is DENIED as to the negligence claims in Counts One and Two and is DENIED as to Count Four.

The case will proceed to trial on the negligence and loss of consortium claims.